**CITIZENS NATIONAL BANK OF LUBBOCK,**

v.

**John E. SPEER, Trustee in Bankruptcy of C. M. Henderson Bankrupt.**

**No. 14880.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

See also, 202 F.2d 491.

Nelson & McCleskey, F. D. Brown, Klett, Bean & Evans, Robt. H. Bean, Lubbock, Tex., for appellant.

Lloyd Croslin, Croslin & Pharr, Lubbock, Tex., for appellee.

Warren E. Burger, Asst. Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., Melvin Richter, Herman Marcuse, Dept. of Justice, Washington, D. C., filed a brief amicus curiae for the United States.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the trial court granting a new trial to the trustee in bankruptcy in a voidable preference suit brought against appellant, Citizens National Bank of Lubbock, Lubbock, Texas. Appellant seeks to escape the well-nigh inflexible rule that an order granting a new trial is not appealable [1] by contending that the order complained of was void as being outside the jurisdiction of the trial court. [2]

The only facts necessary to an understanding of the issues before us are simple:

The trustee in bankruptcy, the appellee in this Court, sued to recover a voidable preferential payment in the amount of $139,665.69 made by the debtor to the defendant Bank, the appellant in this Court. The issues were tried to a jury which was directed to make special findings on three issues pertaining to the alleged preferential payment. After the jury answered in the negative the question whether the Citizens Bank had reasonable cause to believe that the debtor was insolvent at the time the payments were made, the district court, on January 27, 1953, entered judgment for the Bank.

On February 6, 1953—i. e., within the ten-day period provided by Rule 59(b), Federal Rules of Civil Procedure, 28 U.S. C.A.,—the trustee in bankruptcy moved for a new trial. Three grounds were assigned in this motion: (a) that the verdict was against the weight of the evidence; (b) newly discovered evidence; and (c) misconduct of the jury.

On September 30, 1953, the court advised the parties by letter that the motion for a new trial was granted, because the court had "misgivings whether the jury had acted understandingly in their negative answer." A formal order granting a new trial was entered on October 8, 1953. The order recited expressly that the earlier verdict and judgment were set aside and vacated on the ground that the verdict is contrary to the greater weight of the evidence. The Bank appeals from this order.

The Bank specifies two errors to the ruling below. First, it claims that the new trial was granted on a ground not set forth in the motion for a new trial, and second, that the trustee, not having moved for a directed verdict, had forfeited its right to move for a new trial.

An order granting a new trial is not a final order and is, for that reason, not reviewable on appeal. [3] Recognizing

1. Kanatser v. Chrysler Corp., 10 Cir., 195 F.2d 104, certiorari denied 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710; Bastine v. Atlantic Coast Line Railroad Co., 5 Cir., 205 F.2d 457.

2. For a discussion of the reviewability of

an order granting a motion for new trial, where the trial court is alleged to lack jurisdiction, see Freid v. McGrath, 76 U.S. App.D.C. 388, 133 F.2d 350.

3. F.N. 1, supra.

this general rule, the appellant seeks to avoid its application here by contending that, after 10 days, during which time the court may by its own initiative order a new trial,[4] the court loses that power; that the order entered here was not based on one of the grounds included in appellee's motion for new trial; therefore, so appellant says, it was on a ground announced by the court and, thus, was on the court's own initiative, and was therefore void because entered after the 10-day period.

The fallacy of appellant's position is that the court's order granting a new trial was not on a ground thought up by the court, but was actually stated by the court in its order entered on October 8, 1953 to be on one of the grounds set out in appellee's motion, i. e., that the verdict of the jury "is against the greater weight of the evidence;" it was, therefore, not done out of time by the court on its own initiative and it was therefore not beyond the court's jurisdiction.

The language in the trial judge's letter to the attorneys to the effect that he "had misgivings whether the jury acted understandably in their negative answer to Special Issue No. 2" is merely an expression of an opinion by the court of the reason as to why he thought the jury had found its verdict contrary to the greater weight of the evidence. It is not the assignment of a ground on which the order for a new trial was based. This is, therefore, no exception to the generality of cases in which the court grants a motion for new trial and, in what at most is an opinion, speculates on the basis for the incorrect result arrived at by the jury.

There is also no merit in the second contention: that the failure of the appellee to move for a directed verdict prevents him from moving for a new trial. The distinction between the office of a motion for directed verdict and that of a motion for new trial is well recognized.[5] A motion for directed verdict must be based on the complete absence of any evidence to warrant submission to the jury; whereas, a motion for new trial concededly may be granted because the trial court concludes that the verdict is merely against "the greater weight of the evidence."

There being no appealable order or decision of the trial court before us, the appeal is dismissed.

4. 28 U.S.C.A. Rule 59(a), F.R.C.P.

5. Marsh v. Illinois Central Railroad Co., 5 Cir., 175 F.2d 498; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350.