**Johnson TSAI, Plaintiff,**

v.

**Anne C. ROSENTHAL, W. E. Bemis and K. E. Johnson, individually and copartners dba Bemis-Johnson Company, and Mound Motors, Inc. Defendants.**

**W. E. BEMIS and K. E. Johnson, individually and copartners dba Bemis-Johnson Company, Third-Party Plaintiffs,**

v.

**William VEZNER, Third-Party Defendants.**

Civ. No. 4–60–222.

United States District Court
D. Minnesota.
Fourth Division.

Dec. 30, 1960.

394

Rolland L. Thorson, Minneapolis, Minn., for plaintiff.

J. W. Cragg, Minneapolis, Minn., for Mound Motors, Inc.

J. C. Cottingham, Minneapolis, Minn., for defendant Rosenthal.

Sheldon D. Karlins, Minneapolis, Minn., for W. E. Bemis and K. E. Johnson.

DONOVAN, District Judge.

A discussion of the evidence in this three-car collision case is uncalled for except to say that it is conceded by all defendants that plaintiff passenger was free from negligence. The jury found defendants Rosenthal and movant negligent. A verdict for plaintiff is justified by the evidence and would not be disturbed if liability and damages had been properly allocated.

■■ Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., confers ample power upon the trial court to prevent injustice. The means of accomplishing a just result following verdict and judgment is not limited to the character or wording of a motion submitted by counsel. The power of the Court envisions a broader concept. The Court is not hobbled in considering a perverse verdict holding movant's negligence the proximate cause while relieving another negligent party from proximate causation. If justice requires the ordering of a new trial on the record, the Court may rely on its own judgment as to the weight and sufficiency of the evidence relied on by movant and Rosenthal to escape the two horns of the dilemma created by verdict returned. In a situation such as here, arising by reason of multiple claims based on third-party proceedings, the motion invokes the sound discretion of the Court.[1]

■■ In my opinion the distinction between the negligence of the movant and the concurring negligence of defend-

1. Altrichter v. Shell Oil Company, 8 Cir., 263 F.2d 377, 380, 381; Anderson v. Federal Cartridge Corporation, 8 Cir., 156 F.2d 681.

ant Anne C. Rosenthal as found by the jury is so negligible as to make entirely obscure the claimed presence of an efficient intervening cause. The jury's verdict absolving defendants Bemis and Johnson from blame of negligence is supported by the evidence. The trial court must grant a new trial, however, to the remaining parties on the question of damages to avoid a miscarriage of justice in the allocation of negligence and proximate cause as found by the jury with reference to defendants Mound Motors, Inc. and Rosenthal. The exercise of this right is not in derogation of the right to a trial by jury, but rather in recognition of the historic safeguard of that right.[2]

 While the verdict returned appears generous in amount, the granting of a new trial as to damages is not predicated on the claim of excessiveness. There is ample evidence of negligence on the part of the movant and defendant Rosenthal which, contributing concurrently to cause the accident, warrants reconsideration of the amount of damages to which plaintiff may be entitled.[3]

### Order

The blended motion of the above defendant Mound Motors, Inc. for a new trial on all of the issues herein, and in the event said motion is denied then, and in the alternative, for an order amending the answers to interrogatories of the jury herein by changing the answer to interrogatory number 2 from "No" to "Yes", came regularly on to be heard before the court at a Special Term thereof held in Court Room 2, Federal Courts Building, St. Paul, Minnesota at 10:00 A.M. on the 12th day of December, 1960.

Having considered the oral arguments and briefs of counsel (including that of defendant Rosenthal received by this Court on December 21, 1960) and being advised in the premises,

It Is Ordered,

1. That the said motion for

(a) a vacation of the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment herein is granted.

(b) a new trial on all issues is denied and said motion in,

(c) the alternative is denied except as herein otherwise granted or limited.

2. The Court on its own motion grants a new trial herein on the question of damages only as to defendants Mound and Rosenthal.

3. The action is dismissed as to defendants Bemis and Johnson.

The memorandum attached hereto is made a part hereof.

2. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 352; Barron & Holtzoff, § 1302.

3. Kessen v. Bernhardt, D.C.Minn., 157 F. Supp. 652, 653.