Johnson TSAI, Appellant,

v.

Anne C. ROSENTHAL and Mound Motors, Inc., Appellees,

Anne C. ROSENTHAL, Appellant,

v.

Johnson TSAI and Mound Motors, Inc., Appellees.

Nos. 16713, 16714.

United States Court of Appeals Eighth Circuit.

Dec. 22, 1961.

Rolland L. Thorson, Minneapolis, Minn., for appellant Johnson Tsai.

O. C. Adamson, Minneapolis, Minn., for appellant Anne C. Rosenthal.

J. W. Cragg, Minneapolis, Minn., for appellee Mound Motors, Inc.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff Tsai and defendant Rosenthal have each appealed from an order of the District Court filed January 3, 1961, which set aside a judgment entered on November 7, 1960, upon special verdicts returned by the jury which awarded plaintiff damages against the defendant Mound Motors, Inc., (Mound); denied plaintiff relief upon his complaint as to the defendant. Rosenthal; and denied Mound relief on its cross-complaint seeking damages, contribution and indemnity against Rosenthal. The court granted a new trial on plaintiff's claim against the defendants Mound and Rosenthal, limited to the issue of damages. Plaintiff brought this suit to recover damages for personal injuries he received in a three-car collision against Mound and Rosenthal, operators or owners of two of the three involved colliding vehicles.[1]

Jurisdiction, based upon diversity of citizenship and the jurisdictional amount, is established. The accident occurred in Minnesota. Consequently, Minnesota law governs.

Plaintiff filed a timely demand for jury trial. It is undisputed that plaintiff is entitled to a jury trial as a matter of right on his cause of action, pursuant to Rules 38 and 39.[2]

The court, as authorized by Rule 49(a), submitted this case to the jury upon forms of special verdicts which covered all fact issues presented by the case. Although the forms of special verdicts are referred to in the record at times as interrogatories, they are in fact special verdicts. No form of general verdict was submitted. The jury by its special verdicts determined all material fact issues. The special verdicts returned by the jury, pertinent to this appeal, are as follows:

"1. Was Anne C. Rosenthal negligent in the operation of her automobile?

"ANSWER (Yes or No) YES

"If your answer to the first interrogatory is 'Yes,' then answer interrogatory number 2.

"2. Was such negligence a proximate cause of the accident and the injuries to the plaintiff?

"ANSWER (Yes or No) NO

"(Special verdicts 3 and 4 relate only to defendants not involved in this appeal.)

"5. Was William Vezner negligent in the operation of the Mound Motor Company, Inc., truck?

"ANSWER (Yes or No) YES

"If your answer to interrogatory number 5 is 'Yes,' then answer interrogatory number 6.

"6. Was such negligence a proximate cause of the accident and the injuries to the plaintiff?

"ANSWER (Yes or No) YES

"7. What is the amount of damages sustained by Johnson Tsai?

"ANSWER Thirteen thousand five hundred dollars ($13,500.00)."

---

1. Bemis and Johnson, owners of the third automobile involved in the collision, were also defendants in the action. The jury found that such defendants were guilty of no negligence. Judgment dismissing the complaint as to these defendants has become final. No one is here complaining of the dismissal as to the defendants Bemis and Johnson.

2. Reference to rules in this opinion are to the Federal Rules of Civil Procedure, 28 U.S.C.A.

Upon the basis of the special verdicts returned by the jury, the court on November 7, 1960, filed a judgment on the verdicts awarding the plaintiff judgment against Mound for $13,500, and denying Mound relief upon its cross-claim against Rosenthal.

Within ten days of the entry of such judgment Mound served and filed a timely motion asking that the judgment be vacated and that it be granted a new trial upon the following grounds:

1. That the judgment and the answers of the jury to interrogatories upon which it is made are not supported by and are contrary to the evidence.

2. That the judgment and the answers of the jury to interrogatories upon which it is made are contrary to law.

3. Errors relating to the giving and failing to give certain specified instructions.

4. Excessive damages.

In the alternative Mound "moves the Court for an order amending the answers to interrogatories of the jury herein by changing the answer to interrogatory number 2 from 'No' to 'Yes', upon the ground that the answer 'No' as recorded by the jury is not supported by and is contrary to the evidence, and is contrary to law, and that the Findings of Fact, Conclusions of Law, Order for Judgment and Judgment be appropriately changed and amended to correctly reflect such changed answer."

The court, after hearing, entered an order on January 3, 1961, vacating the judgment, denying a new trial on all issues, and denying the alternative motion except as therein otherwise granted, and then goes on to say:

> "The Court on its own motion grants a new trial herein on the question of damages only as to defendants Mound and Rosenthal."

Plaintiff and Rosenthal, as a basis for reversal of the order vacating the judgment and granting a new trial on the damage issue, assert:

1. The trial court lacked power or jurisdiction to order a new trial upon its own motion, since the court did not act within ten days after the entry of judgment.

2. The trial court lacked power or jurisdiction to order a new trial on the issue of damages only.

Rosenthal raises the additional point that the court lacked jurisdiction to order judgment n. o. v. insofar as the court's order granted such relief.

The record before us consists of the pleadings, motions, judgment entries and orders, the special verdicts of the jury and the court's memorandum opinion (26 F.R.D. 393), and the notices of appeal. The record does not include the evidence introduced or the court's instructions. The parties treat the questions here presented as jurisdictional questions. Our consideration of this appeal is limited to the jurisdictional issues. The exclusion of the evidence from the record would in any event make it impossible for us to review the issue of whether the court properly exercised its discretion.

■ The parties agree, as they must, that a motion for new trial is directed to the sound discretion of the trial court and that ordinarily the granting or denial of a motion for new trial is not an appealable order. See Cooper v. Midwest Feed Products Co., 8 Cir., 271 F.2d 177; Gallon v. Lloyd-Thomas Co., 8 Cir., 261 F.2d 26.

■ Where the jurisdiction of the court to vacate judgment and grant a new trial is challenged, an appeal will lie to review the power or jurisdiction of the court to make such order. Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Cooper v. Midwest Feed Products Co., supra; Jackson v. Wilson Trucking Corp., 100 U.S.App.D.C. 106, 243 F.2d 212; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610; City of Manning v. German Ins. Co., 8 Cir., 107 F. 52.

In our recent Cooper case, supra, we quoted and applied the law, as stated in the City of Manning case, as follows:

> " 'An order granting a new trial in an action sets aside and renders void

any former judgment therein. Rev. St. § 987 [Fed.Rules Civ.Proc. rules 59, 62, 28 U.S.C.A.]. An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary, and cannot be reviewed by writ of error or appeal in the federal courts. * * * But the question whether or not the court had the jurisdiction or power to make an order granting or refusing a new trial and avoiding a former judgment is always reviewable in the federal courts by a writ of error or an appeal challenging the order, because it goes to the effect and finality of the judgment itself. Phillips v. Negley, 117 U.S. 665, 671, 675, 678, 6 S.Ct. 901, 29 L.Ed. 1013.' " 271 F.2d 179.

It is the position of both appellants that the court lacked jurisdiction to set aside its judgment and to grant the new trial limited to damages. The court in its order and memorandum states that it is taking such action upon its own motion. Rule 59(d), covering the power of the courts to grant new trials upon their own initiative, reads:

"Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

■ Rule 59(d) has been interpreted by the courts as conferring jurisdiction upon the trial court to act upon its own initiative only during the ten days immediately following the entry of the judgment. Jackson v. Wilson Trucking Corp., supra; Kanatser v. Chrysler Corp., supra; National Farmers Union Auto. & Cas. Co. v. Wood, 10 Cir., 207 F.2d 659; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; see Moore, Federal Practice, ¶ 59.09 at p. 3851 and ¶ 59.11 at pp. 3872–73.

We agree with such interpretation. The rule appears to clearly and unambiguously so require. No express provision is made for extension of time for the court to act upon its own motion, in event a motion is made by a party, nor can such extension be fairly implied.

It is undisputed that the court action here took place more than ten days after verdict and the entry of the judgment. Thus the court was without jurisdiction to grant a new trial upon its own motion as it purported to do.

The court, under the circumstances presented by this case, also lacked jurisdiction to grant a new trial limited to damages only. It is true that Rule 59 authorizes a new trial upon all or part of the issues and that partial new trials may be granted under proper circumstances. For example, if the court had felt that the issue of liability was fairly decided but that the wrong measure of damages had been prescribed, a new trial could in the proper exercise of the court's discretion have been granted on the damage issue only. See 6 Moore, Federal Practice, ¶ 59.06.

■ In our present case the conclusion is inescapable that the court, in granting a new trial as to damages only, has substituted its finding that Rosenthal's negligence was a proximate cause of the injury for the special verdict of the jury finding that Rosenthal's negligence was not a proximate cause of plaintiff's injury. The court by its order has in effect determined that Mound and Rosenthal are both liable to the plaintiff for his injuries. In so doing, the court acted beyond its jurisdiction. In our present case, a jury trial was properly requested and granted upon all the issues and all issues were submitted to the jury by special verdicts, as authorized by Rule 49(a). The parties were entitled to have all issues tried by the jury as a matter of right. Rules 38, 39. Such rules preserve the right to jury trial, guaranteed by the Seventh Amendment, which reads:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be other-

wise reexamined in any Court of the United States, than according to the rules of the common law."

■ The amendment is plain and unambiguous and speaks for itself. The only manner in which facts tried by a jury may be re-examined as a question of law is limited to situations where a motion for directed verdict upon the issue is made at the close of all the evidence and a motion for judgment n. o. v. has been made as authorized by Rule 50(b). Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879; Mutual Ben. Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353, 355; Glynn v. Krippner, 8 Cir., 60 F.2d 406, 409; 5 Moore, Federal Practice, ¶ 38.08, at pp. 86–89.

In Mutual Benefit Health & Accident Ass'n v. Thomas, supra, 123 F.2d p. 355, we state:

"It is only where a litigant has made motion for a directed verdict that he may ask the court to enter judgment non obstante veredicto. It is only in this manner that the question may be re-examined as a question of law. To ask the court to enter a judgment, contrary to a general verdict of the jury where no motion for a directed verdict has been interposed, is simply to ask the court to re-examine the facts already tried by the jury, and this the court may not do without violating the Seventh Amendment."

■ In our present case, no motion was made by either the plaintiff or Mound for a directed verdict on the issue of Rosenthal's negligence being a proximate cause of plaintiff's injury or for the determination as a matter of law of the issue of Rosenthal's liability. The parties agree that the law is clear that a motion for judgment n. o. v. lies only where an appropriate motion for directed verdict has been made, pursuant to Rule 50. See Mutual Ben. Health & Accident Ass'n v. Thomas, supra. Thus, if Mound's alternate motion is considered a 50(b) motion for judgment n. o. v., relief must be de-

nied because the foundation motion for directed verdict admittedly was not made.

Mound makes some claim that its alternate motion is one under rule 52(b), for amendment of findings of fact. Mound relies upon a statement in Steward v. Atlantic Refining Company, 3 Cir., 235 F.2d 570. This case dealt principally with the question of whether the appeal was premature. Neither the nature of the case nor the facts are discussed in the opinion. The quotation Mound relies upon reads:

"The motions to set aside the jury's answers to the court's interrogatories come under Rule 52(b), 28 U.S.C., to amend the findings of the trial court. Greenwood v. Greenwood, 3 Cir., 234 F.2d 276." 235 F.2d 571.

It clearly appears in the cited Greenwood case that such case was not triable to a jury as a matter of right and that interrogatories were submitted to an advisory jury. In such a situation, the responsibility for fact determinations remained in the trial court. In the Steward case, the court's reliance upon the Greenwood case would be some indication that the interrogatories in the Steward case may have been answered by an advisory jury.

■ In any event, we are satisfied that Rule 52 applies only to findings of fact in actions tried to a court without a jury, and possibly to situations where the jury is serving only in an advisory capacity. We are convinced that Rule 52 gives a court no power to amend or alter findings of fact by a jury in a case tried to a jury as a matter of right, for all of the reasons hereinabove set out in this opinion.

Thus it is apparent that the court acted beyond its jurisdiction in granting the new trial as to damages only and that such judgment must be reversed.

In our present case, the court erroneously believing that it had jurisdiction so to act, chose to grant a new trial upon its own motion. In so doing, a serious doubt arises whether the court gave full and fair consideration to the grounds for

a new trial urged in Mound's motion, which was timely filed. The substance of Mound's motion for new trial has heretofore been set out. It is clear that the court found Mound entitled to no relief upon the basis of ground 3 of the motion relating to error in the instructions and ground 4 pertaining to excessive damages.

The basis for the court's belief that a new trial should be granted is found in its memorandum opinion where it is stated:

"In my opinion the distinction between the negligence of the movant and the concurring negligence of defendant Anne C. Rosenthal as found by the jury is so negligible as to make entirely obscure the claimed presence of an efficient intervening cause. The jury's verdict absolving defendants Bemis and Johnson from blame of negligence is supported by the evidence. The trial court must grant a new trial, however, to the remaining parties on the question of damages to avoid a miscarriage of justice in the allocation of negligence and proximate cause as found by the jury with reference to defendants Mounds Motors, Inc. and Rosenthal." 26 F.R.D. 393, 394–395.

Respectable authority exists for giving motions for new trial filed by the parties a broad construction for the purpose of determining whether the court acted upon a motion of the party or upon its own motion in considering the issue of jurisdiction for the court to act. See Cooper v. Midwest Feed Products Co. supra; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285, 289; Citizens National Bank of Lubbock v. Speer, 5 Cir., 220 F.2d 889.

█ It would appear that grounds 1 and 2 of Mound's motion for new trial, as amplified by its alternate motion incorporated therein, challenging the sufficiency of evidence to support the jury's finding that the negligence of Rosenthal was not a proximate cause of plaintiff's injuries, would support the granting of a new trial upon the issue of Rosenthal's negligence and liability to the plaintiff, and upon the contribution issue asserted by Mound against Rosenthal. While we believe that we have made a fair interpretation of the trial court's views on the new trial motion as reflected by its order and memorandum, under the peculiar circumstances of this case we believe that the trial court should be afforded an opportunity to consider and rule upon Mound's motion for a new trial in its entirety. For that purpose, we vacate the order appealed from and remand the case to the district court for the purpose of a ruling upon the motion for new trial on file.

The situation relating to Mound's motion as to the judgment entered in favor of the plaintiff is somewhat different. Mound's motion makes a broad, general attack on the lack of evidence to support the plaintiff's verdict against it. However, it clearly appears from the court's order and memorandum that the court did not question the validity of the judgment in favor of the plaintiff. The court states, "A verdict for plaintiff is justified by the evidence and would not be disturbed if liability and damages had been properly allocated."

It would appear that the trial court was of the view that it would have to grant a new trial upon plaintiff's claim as against both Mound and Rosenthal, in order to give Mound an effective new trial upon Mound's cross-claim for damages and contribution. As heretofore pointed out, the court's concern was on the issue of Rosenthal's liability rather than upon the amount of damages. Possibly the court acted as it did because of the Minnesota cases holding that where, as between the injured person and a codefendant, it has been finally adjudicated there is no liability, an action for contribution by a defendant who has been found liable will not lie against a codefendant who has been found not to be liable to the plaintiff. This is upon the basis that such a judgment is res judicata upon an essential element of a contribution action subsequently brought by a defendant found liable against a codefendant found not liable

to the plaintiff in the original action. Mocuik v. Svoboda, 253 Minn. 562, 93 N.W.2d 547; Bocchi v. Karnstedt, 238 Minn. 257, 56 N.W.2d 628; American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N.W.2d 397, 142 A.L.R. 722.

The liability of the defendants to plaintiff is joint and several. In 86 C.J.S. Torts § 35, p. 952, the general law applicable to this situation is thus stated:

"Where the independent tortious acts of two persons combine to produce an injury, each tort-feasor is liable for the entire damage, not on the ground that he is liable for the other tort-feasor's act, but because his own act is regarded as the proximate cause of the entire injury."

To like effect, see Thorstad v. Doyle, 199 Minn. 543, 273 N.W. 255, 260; Virtue v. Creamery Package Mfg. Co., 123 Minn. 17, 142 N.W. 930, 940, motion for reargument denied, 142 N.W. 1136, L.R. A.1915B, 1179.

If the court is of the view that a new trial should be granted solely because the jury erroneously determined Rosenthal's negligence was not a proximate cause of plaintiff's injury, the court can avoid the impact of the Vigen rule by granting a new trial upon the cross-complaint of Mound against Rosenthal and upon plaintiff's claim against Rosenthal, leaving plaintiff's judgment against Mound stand. Plaintiff's judgment against Mound should not be vacated unless the court is satisfied that Mound is entitled to such relief for reasons asserted in Mound's motion for new trial.

While plaintiff has not moved for a new trial as to Rosenthal and apparently does not now seek one, it would appear from the Vigen case that any equivalent of a dismissal of plaintiff's complaint as to Rosenthal would bar any right of Mound to prosecute its cross-complaint against Rosenthal for contribution. Thus to give Mound an effective new trial on the contribution claim against Rosenthal, the vacation of any judgment of dismissal of plaintiff's claim against Rosenthal would appear to be necessary. Such dismissal is based upon the same special verdict attacked by Mound's motion. If Mound is to be granted a new trial on its cross-claim, all obstacles to such new trial which can be effectively removed without prejudice to other parties can properly be eliminated by the trial court in the exercise of its discretion to grant a new trial to avoid a miscarriage of justice.

The Minnesota Supreme Court has held that because of the rule of the Vigen case, a defendant seeking contribution has an interest for purposes of appeal in a judgment of dismissal in favor of a joint tort-feasor, and that he can raise the issue of the propriety of such dismissal although the plaintiff has not appealed. See Bocchi v. Karnstedt, supra; Mocuik v. Svoboda, supra.

Upon like reasoning, we believe in the present situation Mound is entitled to raise the issue that a new trial should be granted on the issue of Rosenthal's liability because of the status of Minnesota law, as set out in the Vigen case.

We summarize our holding in this case as follows:

1. The judgment appealed from to the extent that it grants a new trial as to damages only between the plaintiff and Rosenthal and between Mound and Rosenthal on the contribution issue limited to the question of damages only must be vacated as in reaching such result the court acted beyond its jurisdiction in substituting its view for that of the jury upon the fact issue covered by the special verdict finding Rosenthal's negligence was not a proximate cause of plaintiff's injury.

2. The trial court at the time it acted more than ten days after entering its original judgment was without jurisdiction to grant a new trial upon its own motion. The court acted beyond its jurisdiction to the extent that it granted a new trial upon its own motion.

3. The record before us affords a reasonable basis for believing that the trial court, while stating it was acting upon its own motion, actually granted a new trial as between plaintiff and Rosenthal and

upon Mound's cross-claim against Rosenthal for contribution upon the basis of grounds fairly raised in Mound's motion. While we have serious doubt whether the new trial granted Mound on the plaintiff's claim is based upon any ground contained in Mound's motion, upon remand the trial court is directed to reconsider and pass upon the motion filed by Mound in its entirety and determine in its discretion what, if any, relief Mound is entitled to upon the basis of grounds fairly raised in its motion. In the event any new trial is ordered as to Rosenthal, such trial shall include a retrial of the issue of Rosenthal's liability.

The judgment appealed from is reversed and the cases are remanded for further proceedings not inconsistent with the views expressed in this opinion.