**Robert C. CURTIS and Super Valu Stores, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 5–62–19 Civil.**

United States District Court
D. Minnesota,
Fifth Division.
July 12, 1962.

Lewis, Hammer, Heaney, Weyl & Halverson, Duluth, Minn., for plaintiffs.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiffs commenced this action to recover damages for personal injuries and expense incident thereto pursuant to the Federal Tort Claims Act.[1] Plaintiff Robert C. Curtis will be referred to as Curtis, plaintiff Super Valu Stores, Inc., will be referred to as Stores. Liability is admitted by defendant. The only issue is that of damages.

Stores was the owner of a motor vehicle which was operated by it on a public highway in Pine County, Minnesota, on October 28, 1961. Plaintiff Curtis was riding therein as a guest passenger at the invitation of and with Stores' consent.

Defendant was the owner of a motor vehicle which, while operated by its agent or servant, collided with Stores' motor vehicle causing property damage to it and personal injuries to Curtis. The injuries to Curtis were the result of his being thrown forward and injuring his face, forehead and scalp when his head contacted the glass windshield in said motor vehicle. He was not rendered unconscious. Curtis was unable to open the door next to him and made his exit through the door to his left because Stores' motor vehicle on the right side was thrown against a parked vehicle to the right of Curtis.

Curtis was bleeding profusely from lacerations to the bridge of his nose, forehead and scalp, and was suffering pain in region of the groin and chest. He was taken by ambulance to St. Mary's Hospital in Duluth following first aid administered at the site of the collision. In the hospital at one to three a. m. on October 29, 1961, emergency room internes and a surgeon called for by Curtis cleansed his wounds and sutured the lacerations following the administering of sedatives and cocaine. Sixty-four stitches were made.

Two days following said hospitalization, Curtis was discharged therefrom. The stitches were removed at his surgeon's office. Except for irritation or resulting scars in the scalp when combing his hair and obvious scars on his forehead and bridge of his nose, a good result was achieved by the surgeon chosen by Curtis, and for which a fair and reasonable surgeon's charge of $250.00 together with a fair and reasonable hospital charge of $111.25 were incurred by Curtis.

The actual property damage sustained by Stores was $1,438.00.

The customary problem of liability at trial is absent by stipulation.

The damage to Stores' vehicle is established by stipulation to be $1,438.00 and the Court so finds. It is so ordered.

The issue of fact as to the proper measure of damage to be applied in arriving at a figure to compensate Curtis for personal injuries, pain, suffering, inconvenience and disfigurement by reason of scarring is all that remains for the trier of the facts to determine.

Curtis was free from negligence and in that respect it may be appropriate for the purpose of comparison to have resort to what a jury of twelve found as reasonable damages in a case similar to the instant one.[2] In that case a passenger sued his host who was the owner of a vehicle which collided with a vehicle immediately ahead and which in turn collided with a car which had stopped on the pavement of a through highway. There

1. 28 U.S.C.A. § 1346; See generally: Clemens v. United States, D.C.Minn., 88 F.Supp. 971; Leisy v. United States, D. C.Minn., 102 F.Supp. 789; McCormick v. United States, D.C.Minn., 159 F.Supp. 920.

2. Tsai v. Rosenthal, D.C.Minn., 26 F.R.D. 393, 394, 395, wherein this Court said: "A verdict for plaintiff is justified by the evidence * * *. While the verdict returned appears generous in amount, the granting of a new trial as to damages is not predicated on the claim of excessiveness."

538

the verdict was for $13,500.00. The basis for the verdict was a scar on the right side of the passenger's face attributed to contact by his head and the windshield of the vehicle in which he was seated.

Consideration of the factual situation in the case at bar by the trier of the facts is convincing that all damage to Curtis, special and general, should be limited to a total sum of $10,000.00, and the Court so finds. It is so ordered.

Counsel for plaintiffs may submit, consistent with the foregoing, findings of fact, conclusions of law, order for and form of judgment on five days' notice.

It is so ordered.

All parties may have an exception.