485 F.2d 1281
 Joe O. WIGGS and Barbara Wiggs, his wife, etc., et al.,
Plaintiffs-Appellants-Cross Appellees
v.
Jack R. COURSHON d/b/a The Twelve Caesars Motel,
Defendant-Appellee-Cross Appellant.
 No. 73-2060 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 9, 1973.
 
 W. George Allen, Fort Lauderdale, Fla., for plaintiffs-appellants.
 James A. Smith, H. Dane Mottlau, Miami, Fla., for defendant-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 A trial court order granting a new trial unless the plaintiff accepts a reduction in the amount of a jury verdict is appealable only if the plaintiff agrees to the reduction under protest.
 
 
 2
 In this diversity tort action for insult, the District Court, 355 F.Supp. 206, thought the plaintiffs were too successful in achieving jury verdicts in the total amount of $25,000, part compensatory and part punitive. Consequently, the Court held a remittitur to be in order: "Defendant's motion for a new trial is granted upon the condition that if plaintiffs stipulate to a reduction of the total amount of the verdicts, each verdict to be reduced proportionately to $2,500 within ten days, said motion will be denied." The plaintiffs refused to so stipulate and filed a notice of appeal.
 
 
 3
 An order granting a new trial is generally not appealable because such an order is interlocutory and not a final judgment under 28 U.S.C.A. Sec. 1291. North Texas Producers Ass'n v. Metzger Dairies, Inc., 348 F.2d 189 (5th Cir.), cert. denied, 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468 (1965); Citizens Nat'l Bank of Lubbock v. Speer, 220 F.2d 889 (5th Cir. 1955); see 3 Barron & Holtzoff, Federal Practice & Procedure Sec. 1302.1; 6A Moore's Federal Practice Sec. 59.15. When such post-trial motion is made, any judgment theretofore entered ceases to be final until the motion is ruled upon. If a new trial is granted and results in a new final judgment, the appeal is to be taken from it. See 9 Moore, supra Sec. 110.08.
 
 
 4
 There is an exception to this proposition in cases where the trial court lacks jurisdiction, such as when the motion for new trial is not made within the time prescribed by Rule 59. In such instances, either an appeal from the order or an extraordinary writ may be appropriate. See United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914). Orders granting a new trial on the court's own initiative after the expiration of the ten-day period have been held appealable under this exception. See. Tsai v. Rosenthal, 297 F.2d 614 (8th Cir. 1961).
 
 
 5
 Plaintiffs argue here that the District Court granted the motion after the required period for bringing a motion and on a ground not stated in the motion, thus raising the jurisdictional exception. See Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3rd Cir. 1962). But the defendant's motion for new trial alleged that the punitive damages were not warranted by the evidence, an allegation tantamount to claiming an excessive verdict. Accordingly, the trial court's order was within the concept of error raised by defendant's motion.
 
 
 6
 Although an order granting a new trial is not appealable, it is reviewable. On appeal from a final judgment following the second trial, appellants may claim error in the grant of the second trial. If the appellate court agrees, it can reinstate the verdict reached at the first trial. See Standard Oil Co. v. Brown, 238 F.2d 54 (5th Cir. 1956); see also Finn v. American Fire & Cas. Co., 207 F.2d 113 (5th Cir. 1953). This procedure would be available to plaintiffs in the case at bar.
 
 
 7
 On the other hand, if the plaintiff accepts the remittitur under protest, the final judgment entered thereon would be appealable, and the order requiring remittitur could be reviewed in that appeal. See Gorsalitz v. Olin Mathieson Chem. Corp., 429 F.2d 1033 (5th Cir. 1970). By this procedure, the determination of the appeals court would be final. If the remittitur was in order, the plaintiff has agreed to it, the judgment would be final, and no new trial would be required. If the trial court erred in ordering the remittitur, the appellate court could set aside the judgment and order that a judgment be entered on the jury verdict. Again, no new trial would be necessary to conclude the litigation.
 
 
 8
 It should be noted that, even when an appeal is properly taken from a final judgment in such an instance, the scope of review of an order for new trial is quite narrow. In Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933), Justice Brandeis stated the prevailing rule:
 
 
 9
 The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a Circuit Court of Appeals . . . . More frequently the reason given for the denial of review is that the granting or refusing of a motion for a new trial is a matter within the discretion of the trial court.
 
 
 10
 287 U.S. at 281, 53 S.Ct. at 254.
 
 
 11
 Dismissing plaintiffs' appeal on the ground that the grant of the new trial is not appealable, we need not consider defendant's cross-appeal. To rule on the issues there raised would be nothing more than an interlocutory review before final judgment which is not appropriate in this case.
 
 
 12
 Appeal dismissed.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970)