508 F.2d 331
 DILLARD DEPARTMENT STORES, INC., Plaintiff-Appellee-Cross Appellant,
v.
FIDELITY UNION LIFE INSURANCE Co., and Mayflower Investment
Co., Defendants-Appellants-Cross Appellees.
 No. 74-2020.
 United States Court of Appeals, Fifth Circuit.
 Feb. 19, 1975.
 
 Jerry L. Beane, Royal H. Brin, Jr., Dallas, Tex., for defendants-appellants-cross appellees.
 Richard Grainger, Mike Hatchell, Tyler, Tex., for plaintiff-appellee-cross appellant.
 Appeals from the United States District Court for the Eastern District of Texas.
 Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.
 PER CURIAM:
 
 
 1
 In 1969 I. Boyd Ridgeway was developing a shopping center in Tyler, Texas in joint venture with defendant Mayflower Investment Company (Mayflower). Defendant Fidelity Union Life Insurance Company (Fidelity), of which Mayflower was a subsidiary, was to secure financing for the project. Plaintiff, Dillard Department Stores, Inc. (Dillard) contracted with Ridgeway for space in the Tyler center. The project collapsed and Dillard arranged to lease from another developer. It sued defendants for actual damages and exemplary damages for fraud. The jury awarded Dillard actual damages of $470 against each defendant and $469,175 in exemplary damages from Fidelity.
 
 
 2
 Defendants filed a motion for a remittitur of exemplary damages, or, if the remittitur were unacceptable to plaintiff, for a new trial. Plaintiff made a motion which in part asked for a new trial on the issue of actual damages for both defendants. The district court judge ordered a new trial on all issues. Appellants, Fidelity and Mayflower, and crossappellant, Dillard, appeal this order and contest the denial of their respective motions.
 
 
 3
 This Court is without jurisdiction to hear this appeal at this stage in the proceedings. 'An order granting a new trial is generally not appealable because such an order is interlocutory and not a final judgment under 28 U.S.C. 1291 . . .. If a new trial is granted and results in a new final judgment, the appeal is to be taken from it.' Wiggs v. Courshon, 5 Cir. 1973, 485 F.2d 1281, 1282. See also, Citizens Nat'l Bank v. Speer, 5 Cir. 1955, 220 F.2d 889.
 
 
 4
 Appeal dismissed.