**Jerry William WHIPPLE**

v.

**JACKSON MARINE CORPORATION, et al.**

**Civ. A. No. B–85–1015–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 22, 1986.

Arthur Schechter, Schechter, Eiseman & Solar, Houston, Tex., for plaintiff.

Chris A. Lorenzen, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

In the present case, plaintiff, Jerry William Whipple, filed suit under the *Jones Act* and under the general maritime law of the United States, alleging that the injuries he sustained were caused by the defendant's negligence and the unseaworthy conditions of the defendant's tugboat, known as the MR. RANDY. Specifically, plaintiff alleged that he was injured when he slipped and fell while moving a surge line. On June 30, 1986, judgment was entered in this cause by virtue of the jury's verdict, whereby plaintiff was ordered to take nothing by reason of this suit. On July 7, 1986, plaintiff filed the following motions which are presently pending before the court:

1. Motion for Reconsideration of Entry of Judgment;

2. Motion for Judgment Notwithstanding the Verdict;

3. Motion for New Trial;

4. Motion for Award of Attorney's Fees.

Plaintiff requested a hearing on these matters, which was granted. This Memorandum reflects the court's reasons for denying all of plaintiff's motions except plaintiff's motion for attorney's fees.

## I. RECONSIDERATION OF ENTRY OF JUDGMENT

As to the motion for reconsideration of entry of judgment, plaintiff asserts that the defendants filed a judgment without representing that it was reviewed and approved by all the parties. However, no such requirement exists which would prevent entry of judgment in the present case.

Furthermore, plaintiff had ample opportunity to respond to the requested judgment. Since the defendants have complied with the Federal Rules of Civil Procedure and the local rules of court concerning entry of judgment, plaintiff's motion for reconsideration of entry of judgment is hereby denied.

## II. JUDGMENT NOTWITHSTANDING THE VERDICT

The standard for granting judgment n.o.v. is precisely the same as the standard for directing a verdict. *Hallmark Industries v. Reynolds Metals Co.*, 489 F.2d 8 (9th Cir.1973), *cert. denied* 417 U.S. 932, 94 S.Ct. 2643, 41 L.Ed.2d 235 (1974). In this respect, there are two requirements for granting a judgment n.o.v.:

(1) A motion for a directed verdict must be submitted to the court after the close of evidence, but before the case is submitted to the jury. *Delano v. Kitch*, 663 F.2d 990 (10th Cir.1981), *cert. denied* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982).

(2) The evidence so strongly supports an issue that reasonable minds could not differ with the points raised in the motion for directed verdict. *Perricone v. Kansas City Southern Railway Co.*, 704 F.2d 1376 (5th Cir.1983).

■ In the present case, it is undisputed that plaintiff moved for a directed verdict at the close of evidence, and thus satisfied this condition precedent for raising a motion for a judgment n.o.v. However, plaintiff has not met the second requirement as set forth above. Plaintiff contends that reasonable minds could not differ that the defendants were negligent, or that the defendant's vessel was not seaworthy. In this respect, plaintiff states that the uncontroverted evidence presented at trial established that the defendants did not provide a sufficient crew, a safe deck, and a safe method to move the surge line. This position is not supported by the evidence. Contrary to plaintiff's assertions, the evidence at trial demonstrated that the task of moving a surge line similar to the one in dispute could routinely be accomplished in a safe manner by two people. Furthermore, the jury, as triers of fact, properly discounted the credibility of plaintiff's witnesses since their testimony appeared inconsistent as to the conditions on the defendant's vessel, and the circumstances surrounding plaintiff's accident. Based upon this record, the jury reasonably and unanimously concluded that the defendants were not negligent, and that the defendant's vessel was not unseaworthy.

The court, in *Citizens National Bank of Lubbock v. Speer*, 220 F.2d 889, 891 (5th Cir.1955) states that:

A motion for a directed verdict [or a judgment n.o.v.] must be based on a complete absence of any evidence to warrant submission to the jury.

In the present case, the court finds that there was sufficient evidence to support the jury's findings. For these reasons, the plaintiff's motion for judgment n.o.v. is hereby denied.

## III. NEW TRIAL

In the alternative, plaintiff requests the court to grant a new trial pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure. Generally, where a party moves for judgment notwithstanding the verdict and for new trial, the court must rule on both motions. *Commercial Credit Business Loans, Inc. v. Martin*, 590 F.Supp. 328 (E.D.Pa.1984).

It is well established that a motion for new trial should be granted when the jury's verdict is against the great weight of the evidence. *Citizens National Bank of Lubbock*, 220 F.2d at 891. In this respect, the Fifth Circuit in *Hampton v. Magnolia Towing Co.*, 338 F.2d 303, 306 (5th Cir. 1964), states:

Different standards govern the district court's refusal to grant defendant's motion for a new trial. The district court is no longer bound by the strictures of the rule of substantial evidence. If the court should find the jury verdict to be contrary to 'the weight of the evidence' it may, in its discretion, require a new trial.

Furthermore, the court in the exercise of its discretion, may grant a new trial when it is needed to prevent or avoid an injustice. *Delta Engineering Corp. v. Scott*, 322 F.2d 11, 15 (5th Cir.1963). As to this point, the Fifth Circuit in *United States v. Bucon Construction Co.*, 430 F.2d 420, 423 (5th Cir.1970) has stated:

> In passing on a motion for a new trial, the court may, and should exercise a sound discretion, and its ruling thereon will not be reviewed in an appellate court in the absence of a clear abuse of discretion.

> A trial judge, on a motion for new trial, may set aside a verdict and grant a new trial, if in his opinion, 'The verdict is against the clear weight of the evidence ... *or will result in a miscarriage of justice,* even though there may be substantial evidence which would prevent the direction of a verdict.' The exercise of that power is not in derogation of the right of trial by jury, but is one of the historic safeguards of that right.

Given the above standards, upon a review of the pleadings, motions, and evidence, the court in its discretion finds that the jury's verdict is supported by the greater weight and preponderance of evidence, and that no miscarriage of justice will result from an entry of judgment for the defendants. Therefore, plaintiff's motion for new trial is hereby denied.

## IV. ATTORNEY'S FEES

In the present case, the court permitted an advisory issue to be submitted to the jury inquiring into the date of maximum medical cure. The jury reached a verdict that plaintiff had not reached maximum cure; therefore, plaintiff prevailed upon this issue. In order for plaintiff to recover attorney's fees based upon the jury's finding, plaintiff must show that there was a willful refusal by the defendants to provide medical cure or that the defendants have been callous or recalcitrant in refusing to pay medical cure. *Vaughn v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Roberts v. S.S. Argentina*, 359 F.2d 430 (2d Cir.1966).

The defendants assert that the plaintiffs presented no evidence at trial, and failed to seek a jury finding on this issue. Furthermore, the defendants contend that they never refused to pay any medical bills, since these bills had never been submitted to the defendants. It is the opinion of the court that there was sufficient evidence on which to establish that the defendants willfully failed to provide medical cure in the present case.

It is apparent from the record and the schedule of events that the defendants were aware of the plaintiff's injury on board the defendant's vessel, that a lawsuit was filed seeking maintenance and cure, that medical care was needed after Dr. Cupic's report, and that defendant never paid any of Dr. Cupic's bills. Although it is not expected that the defendants must make instant payment upon demand or where reasonable grounds exist for resisting the payment, the defendants were unjustified in waiting until the time of trial to finally convey medical cure payments to the plaintiff. As a result, plaintiff should be allowed to recover reasonable attorney's fees. The court finds that the schedule of billable time submitted by plaintiff's attorney in a letter to the court dated August 7, 1986, reflects a reasonable attorney's fee. Therefore, plaintiff is awarded attorney's fees in the amount of $3,363.00. Furthermore, since plaintiff continues to have disabilities, defendant must pay whatever reasonable medical bills plaintiff incurs until plaintiff reaches maximum medical cure.