United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60236

_____

JOE B. KELLY, M.D.,

Plaintiff-Appellant-Cross-Appellee,

versus

JERRY MOORE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER FOR THE CITY OF JACKSON, MISSISSIPPI,

Defendant-Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Mississippi

_____

Before JOLLY, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

A Mississippi jury returned a $1.5 million verdict in favor of Dr. Kelly for his mistreatment in connection with a routine traffic stop. The district court vacated the award and ruled that Kelly must either accept remittitur or proceed to a new trial on damages. Kelly took the latter option and then immediately appealed the district court's ruling. We conclude that the district court's ruling is not final and dismiss the appeal for lack of appellate jurisdiction.

## I.  BACKGROUND

On March 14, 2001, Kelly filed suit in federal court alleging under 42 U.S.C. § 1983 and related state law claims that his Fourth Amendment rights prohibiting unlawful arrest, unlawful detention and malicious prosecution had been violated when he was arrested, and temporarily detained, on a case of mistaken identity. The case proceeded to a three-day trial.  On September 18, 2002, the jury found for Kelly on all three claims and awarded $1 million in compensatory damages and $500,000 in punitive damages.

On September 27, Kelly moved for attorneys' fees, costs and expenses.  Moore responded with a Rule 50 motion for JMOL, and alternatively, for a Rule 59(b) new trial or remittitur.  The parties stipulated that Moore's post-trial motions would be deemed timely filed on the day the district court entered final judgment.[1] The court entered judgment, including attorneys' fees and costs of $28,706.77, on December 12, 2002.

Later, on March 6, 2003, the district court denied Moore's Rule 50(b) motion for JMOL, denied the Rule 59(b) motion for a new trial on liability, but conditionally granted the motion for a new trial on damages, unless Kelly accepted the court's remittitur of the jury award.  The court conditionally remitted the compensatory award to $10,000 and the punitive damages award to

---

[1]      This stipulation covered the new trial, Moore's Rule 60(b) motion to reduce Kelly's attorneys' fees award, and Moore's additional Rule 60(b) motion for a new trial on liability and damages.

$5,000.  Kelly declined remittitur and elected to proceed to a second trial on damages, but on that same day, he filed his notice of appeal seeking reinstatement of the jury award.  Moore timely filed his cross-appeal.  On April 18, the parties signed an agreed order staying all other proceedings in the district court pending resolution of this appeal.

## II.  DISCUSSION

Before reaching the merits, we must be satisfied that we have appellate jurisdiction.  See Hayes v. State of La., 18 F.3d 1319, 1320 (5th Cir. 1994); Gutierrez v. City of San Antonio, 139 F.3d 441, 445 (5th Cir. 1998).  The question here is whether the district court's grant of a new trial is an appealable final decision pursuant to 28 U.S.C. § 1291.

A decision is final under § 1291 when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457 (1978) (citation and quotation omitted). "An order granting a new trial is generally not appealable because such an order is interlocutory and not a final judgment under 28 U.S.C. § 1291." Wiggs v. Courshon, 485 F.2d 1281, 1282 (5th Cir. 1973) (citations omitted); see also Ortiz-Del Valle v. Nat. Basketball Ass'n, 190 F.3d 598, 599 (2d Cir. 1999).[2]  However,

---

[2]  Although the decision to order a new trial on damages is not immediately appealable, it is ultimately reviewable. See Seltzner v. RDK Corp., 756 F.2d 51, 51 (7th Cir. 1985) ("If the plaintiff isn't satisfied with the outcome of the new trial he can appeal from the judgment entered at the

a "narrow exception . . . arises when the district court enters the order without jurisdiction." Herold v. Burlington Northern, Inc., 761 F.2d 1241, 1249 (8th Cir. 1985); Wiggs, 485 F.2d at 1282 ("In such instances, either an appeal from the order or an extraordinary writ may be appropriate") (citing United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16 (1914)). "Orders granting a new trial on the court's own initiative after the expiration of the ten-day period have been held appealable under this exception." Wiggs, 485 F.2d at 1282 (citation omitted).

Federal Rule of Civil Procedure 59 affords two means by which a district court can grant a new trial. Our jurisdiction turns on characterizing the court's action under the Rule's subsections. Rule 59(b) allows a party to file a motion for a new trial within ten days after entry of judgment. Rule 59(d) permits the court, also within ten days of entry of judgment, sua sponte to order a new trial. Importantly, Rule 59(d) further provides that "[a]fter giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion." FED. R. CIV. P. 59(d). Rule 59(d) also requires that "[w]hen granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order." Id. The district court met this requirement.

conclusion of that trial and can seek reinstatement of the original jury award.").

4

Moore filed a Rule 59(b) motion within ten days of the judgement; no appellate jurisdiction exists if the district court merely ruled on that motion. Thus, Moore argues the new trial ruling was in response to his Rule 59(b) motion even though he concedes that the decision, particularly with respect to punitive damages, was premised on a different legal theory. In Moore's view, the Federal Rules of Civil Procedure require only that the district court grant the relief Moore sought — whether the basis for that relief diverges from the party's motion is irrelevant. We disagree.

Federal Rule of Civil Procedure 7(b)(1), which governs Rule 59(b)'s pleading requirement, demands some degree of specificity on the movant's part. MOORE'S FEDERAL PRACTICE CIVIL § 59 App. 03[2]. "This rule affords the court and the opposing party notice of the substance of the basis for the requested order; Rule 7(b)(1) does not require ritualistic detail." Id. at § 59.10[1]. Also, the 1966 amendment to Rule 59(d), which permits the court to base its decision on a "reason not stated" in a timely motion, further suggests the need for some level of specificity on the movant's part beyond merely requesting remittitur. Consequently, the district court's ruling, which is based on legal theories absent from Moore's Rule 59(b) motion, is appropriately characterized as arising under Rule 59(d).

Kelly seeks to sustain our appellate jurisdiction over the Rule 59(d) order by arguing that the district court exceeded

5

its jurisdiction by: ruling on its own initiative more than ten days post-judgment, ruling for reasons not stated in Moore's motion, and failing to comply with Rule 59(d)'s "notice" requirement. Kelly conflates these distinct arguments and incorrectly assumes the ten-day limit applies to <u>all</u> Rule 59(d) decisions. Rule 59(d) draws a distinction between a ruling on the court's <u>own</u> motion and a ruling based on a reason not contained in the <u>party's</u> motion. The district court, acting on its own motion, must rule within ten days after entry of judgment. MOORE'S FEDERAL PRACTICE CIVIL § 59.11[1][a] (citing <u>United States Leather, Inc v. H & W P'ship</u>, 60 F.3d 222, 225 (5th Cir. 1995)) ("The 10-day filing period is mandatory and jurisdictional, and may not be extended by the court or by stipulation or waiver of the parties."). However, the ten-day period does not apply to a decision based on a reason not stated in a timely filed Rule 59(b) motion. <u>See</u> <u>id.</u> at § 59.11[2][b]; <u>Peterman v. Rock Island & Pac. R.R. Co.</u>, 493 F.2d 88, 91 (8th Cir. 1974) ("The 1966 amendment . . . constitutes a change in the law granting authority to the trial court to grant a new trial outside the limitation period for reasons initiated by the court, but only in the event a party has already served a motion for a new trial.") (citations omitted). The district court's decision was not sua sponte; rather, the district court based its decision on reasons not stated in Moore's timely motion.

6

The court's decision falls within Rule 59(d), but it is not controlled by the ten-day jurisdictional limit.[3]

Nevertheless, the district court failed to give the requisite "notice and opportunity to be heard" before it ordered a new trial. FED. R. CIV. P. 59(d). The remaining inquiry is whether this error resulted in an order entered without jurisdiction that falls within the Wiggs "narrow exception" to the § 1291 finality requirement. We conclude it does not.

Jurisdictional rules implicate the court's power to adjudicate a dispute. See Ex parte McCardle, 7 Wall. 506, 514 (1868). Rule 59(d)'s "notice" requirement, unlike the ten-day rule for sua sponte decisions, does not implicate the district court's power to reach the merits. See Cherokee Lab., Inc. v. Pierson, 415 F.2d 85, 91 (10th Cir. 1969); see also 11 CHARLES ALLEN WRIGHT & ARTHUR MILLER FEDERAL PRACTICE AND PROCEDURE § 2813 at 148 (2d ed. 1995) ("The court's failure to give notice . . . should not automatically make its action a nullity."); Valtrol, Inc. v. General Connectors Corp.,

---

[3]     Kelly counters that this court's decision in Tarlton v. Exxon, 668 F.2d 973 (5th Cir. 1982) requires uniform compliance with the ten-day limitation period. In Tarlton, there were two defendants — Exxon and Diamond M. Exxon timely filed a Rule 59(b) motion after the jury returned a verdict for the plaintiff. Diamond M did not, but orally attempted to join Exxon's motion after the expiration of the ten-day period. Id. at 977. The district court granted Exxon's motion and ordered a new trial on damages, as to Diamond M, based on a reason set forth in Exxon's motion (unless the plaintiff accepted remittitur). Id. This circuit held that the district court exceeded its Rule 59(d) jurisdiction, concluding that Diamond M's oral motion was not timely and therefore without effect. "The trial court's grant of a new trial [could] thus be upheld only if it satisfie[d] the provision of Rule 59(d) for sua sponte judicial action within 10 days of entry of judgment." Id. at 977-78. The instant case is fundamentally different because Moore timely filed a Rule 59(b) motion.

7

884 F.2d 149, 156 (4th Cir. 1989) ("The notice requirement may not be ironclad . . . but the rule clearly contemplates notice in the ordinary case) (citations omitted); Benjamin Kaplan, <u>Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (II)</u>, 81 Harv. L. Rev. 591, 604 (1968) ("The [notice] provision should . . . be read as a directive but not as conditioning effective action by the judge[.]").  The district court's decision accordingly was within its 59(d) jurisdiction, making this appeal interlocutory rather than a § 1291 final appealable order.  This court is without appellate jurisdiction.

### III.  CONCLUSION

For the reasons stated above, we **DISMISS** the appeal for lack of appellate jurisdiction.

**DISMISSED.**