# GANSS *v.* GOLDENBERG.

---

APPEAL AND ERROR; CONSENT JUDGMENT; ESTOPPEL; AFFIDAVITS OF MERIT
AND DEFENSE; COURT RULE; VALIDITY.

1. One who, upon objection to the sufficiency of his affidavit of defense, consents to a judgment in favor of his adversary, for the express purpose of taking the question of sufficiency to an appellate court,

is estopped to contest the judgment, and his appeal will be dismissed, where the judgment was rendered, as suggested by the consent, without argument or a reading of the pleadings so that the question sought to be raised was not presented to the lower court. (Distinguishing *Olmstead* v. *Webb,* 5 App. D. C. 38.)

2. Common-law rule 19 of the supreme court of the District of Columbia, relating to affidavits of merit and defense, is valid. (Following *Columbia Laundry Co.* v. *Ellis,* 36 App. D. C. 583.)

No. 2424. Submitted October 7, 1912. Decided October 17, 1912.

HEARING on a motion to dismiss an appeal. *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Charles W. Darr* and *Mr. Julius I. Peyser* for the appellant.

*Mr. Alexander Wolf* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This case is before us on a motion to dismiss the appeal. Appellee, Moses Goldenberg, plaintiff below, brought a landlord and tenant proceeding in the municipal court of the District of Columbia, in which a judgment was rendered in his favor. Appellant appealed to the supreme court of the District. Within time appellee filed, under rule 19 of the common-law rules of that court, an affidavit of merit, to which appellant answered by an affidavit of defense. Appellee moved for judgment on the ground of the insufficiency of the affidavit of defense. The record discloses that, when the motion was called for hearing, "counsel for the plaintiff stated he was ready to proceed and counsel for the defendant stated he did not desire to argue the motion, and that the court could pass upon the said motion without the reading of the pleadings or argument and render judgment for the plaintiff, from which judgment the defendant desired to note an appeal to the court of appeals. The justice stated that he was unwilling to decide cases in that manner, from which an appeal would be taken, unless the defendant assented thereto. The defendant's counsel thereupon stated he did not

wish to appear to assent or consent, but that the defendant had no objection to the court entering such judgment. And the court accordingly rendered judgment for the plaintiff, from which an appeal was noted, supersedeas bond offered in open court, and approved by the justice without objection by the plaintiff."

The motion to dismiss is based upon the ground that appellant consented to the entering of the judgment against him. Appellant contends that the judgment was entered at his suggestion merely for the purpose of placing himself in a position to present the case to this court for its decision, and therefore does not stop him from urging that error was committed in entering it. Counsel for appellant in support of his contention relies chiefly on the case of *Olmstead* v. *Webb,* 5 App. D. C. 38. In that case, a decree entered by consent did not affect the right of appeal, but the decree was based upon findings of fact after a full hearing. Here, the judgment was entered, at the suggestion of counsel for appellant, without argument and without even a reading of the pleadings by the court. The question of the sufficiency of the affidavit of defense was, therefore, not properly presented to the court below, and hence can not be raised for the first time on appeal. This court cannot be substituted for the trial court. In the case of *United States* v. *Babbitt,* 104 U. S. 767, 26 L. ed. 921, the government consented to a judgment being entered against it in the court of claims, for the purpose of presenting the question raised to the Supreme Court for its determination. Speaking on this question, the court said: "When a decree was rendered by consent, no errors would be considered here on an appeal, which were in law waived by such a consent. In our opinion this case comes within that rule. The consent of the judgment below was in law a waiver of the error now complained of."

Counsel for appellant also contends that common law rule 19 of the supreme court of the District is invalid. It is unnecessary to consider this question, since the rule has been sustained by this court in the case of *Columbia Laundry Co.* v. *Ellis,* 36 App. D. C. 583.

Appellant by consenting to the entry of the judgment below, is estopped from contesting it on appeal. The motion is granted, and the appeal dismissed with costs.          *Dismissed.*