# RUDOLPH *v.* SENSENER.

TRIAL; NON-SUIT; ALLEYS; CONDEMNATION PROCEEDINGS; APPEAL AND ERROR.

1. The courts of the United States have no power to make a peremptory order of nonsuit.

2. In a proceeding to condemn lands for an alley, the refusal of petitioning commissioners to produce proof showing the necessity for the proposed alley and that they deem it required by public interests, when ordered so to do by the trial court before the swearing of a jury and the taking of evidence as to damages and benefits, being in the nature of a voluntary nonsuit, the order of dismissal entered thereon is not a final one from which an appeal lies.

3. The plaintiff in every action at law where there is no admission of the facts alleged has the burden of proving the necessary allegations of his declaration; if he declines or fails to offer evidence, the court may in its discretion dismiss his action without prejudice, or enter a judgment against him.

No. 2432.    Submitted November 6, 1912.    Decided December 30, 1912.

HEARING on an appeal by the petitioners from an order of the

Supreme Court, of the District of Columbia, dismissing a petition for the condemnation of lands for the opening of an alley; and of a motion to dismiss the appeal.

*Appeal Dismissed.*

The facts are stated in the opinion.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. P. H. Marshall* for the appellants.

*Mr. Andrew Wilson* and *Mr. A. L. Sinclair* for the appellees.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The commissioners of the District of Columbia appeal from an order dismissing their petition for the condemnation of lands for the opening of an alley.

The petition for condemnation contained a description of the premises with their ownership, and was accompanied by the necessary map showing the location and boundaries of the proposed alley; and alleged that the public interests required the opening of the same. The several owners of the land affected appeared and opposed the condemnation petition by answer thereto.

The grounds of opposition are: 1. There has been no petition for the opening of said alley by more than one half of the owners of the land in the square; 2, the district health officer has not certified to the necessity for said alley on the ground of the public health; 3, the public interests do not require the opening of the alley. As regards the allegation of the petition that the commissioners deem that the public interests require the opening of said alley, they set forth certain facts tending to show the injuries that will result to them from said condemnation; and further contend that the determination by the commissioners that the public interests require said alley should be by them acting as a board after due consideration, and evidenced by resolution.

The questions raised by the pleadings were considered by the court before impaneling a jury, and a written opinion filed. On April 1, 1912, the court entered the following order:

"In conformity with the written opinion filed herein March 12, 1912, it is, this 1st day of April, 1912, by the court, ordered: That before the swearing of the jury herein and the taking of evidence as to damages and benefits, petitioners produce to the court, upon such date as may hereafter be fixed, proof as to the necessity of the alley proposed to be opened in this proceeding, and as to the fact that the commissioners of the District of Columbia deem the same to be of public necessity."

April 19, 1912, the following order was entered:

"Upon consideration of the petition of the commissioners of the District of Columbia, filed herein, and of the answers filed thereto by George W. Sensener et al., and of the announcement made, in open court, by counsel for the said commissioners, that the said commissioners decline to proceed with the prosecution of this proceeding in conformity with the order of the court heretofore passed herein as to proof of the necessity of said proposed alley, it is, by the court this the 19th day of April, A. D. 1912, ordered that the said petition of the said commissioners be, and the same, is hereby, dismissed."

A preliminary question arises on appellees' motion to dismiss the appeal on the ground that the order entered is not a final one from which an appeal lies. The order dismisses the petition because counsel for the petitioners decline to proceed with the prosecution of the proceeding in conformity with the former order relating to proof of the necessity for the proposed alley. There is no reservation that the dismissal is without prejudice. The practice pursued is a peculiar one, and so far as we are advised there is no precedent for it in the practice of the courts of the United States.

The plaintiff in an action at law may, save at certain stages of the trial and under certain conditions not necessary to be enumerated, voluntarily discontinue or take a nonsuit; and no appeal lies from the entry thereof, because the action may be brought anew. It is well settled that the courts of the United

States have no power to make a peremptory order of nonsuit. *Central Transp. Co.* v. *Pullman's Palace Car Co.* 139 U. S. 24–39, 35 L. ed. 55–61, 11 Sup. Ct. Rep. 478.

Without a bill of exceptions we are confined to the recitals of the order itself in considering its nature and effect. So considered, our conclusion is that it indicates a voluntary nonsuit by the plaintiffs. From the opinion expressed by the court at the time of the first order, they evidently anticipated that the court would not be satisfied that a public necessity existed, from the mere resolution of the board that it did, and would require independent proof sufficient to satisfy the court itself of the public necessity. Had they offered proof that the board of commissioners had considered the matter and resolved that there was a public necessity, and the court had then dismissed the petition for want of sufficient evidence, they could have appealed from the order, because it would necessarily put an end to the case, and there could be no renewal of the proceeding. To render such appeal effective, there would have to be a bill of exceptions reciting the facts. The appellate court would then have before it the question whether the public necessity was a matter exclusively committed by the statute to the discretion of the board of commissioners. This course should have been pursued. Knowing what would be the necessary consequence of their action, the plaintiffs elected to refuse to offer any evidence whatever.

The plaintiff in every action at law where there is no admission of the facts alleged has the burden of proving the necessary allegations of his declaration. If he declines or fails to offer evidence, the court may in its discretion dismiss his action without perjudice, or enter a judgment against him. Substantially, this is what the plaintiffs in this case did. The situation is of their own creation, no matter what was the inducement thereto, and there is nothing from which they can appeal. The appeal is dismissed.                               *Dismissed.*