Albert GRABNER, Appellant,

v.

WILLYS MOTORS, INC., a corporation, Appellee.

No. 16619.

United States Court of Appeals
Ninth Circuit.

Aug. 26, 1960.

Bailey, Lezak, Swink & Gates, Sidney I. Lezak, Philip A. Levin, Portland, Or., for appellant.

Tooze Kerr & Tooze, Edwin J. Peterson, Portland, Or., for appellee.

Before BONE, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

This Oregon negligence action [1] accrued on October 17, 1956, when Albert B. Grabner received the injuries for which he here seeks damages. Defendant Willys Motors, Inc., is a foreign corporation which had withdrawn from Oregon after the cause of action arose but before the complaint was filed on September 8, 1958. Plaintiff therefore attempted to serve defendant by sending the summons and complaint to the state corporation commissioner by certified mail.

Holding that in the case of a withdrawn corporation there must be personal service upon the commissioner, the district court quashed the service. As no other service was made prior to the running of the applicable statute of limitations,[2] the court later entered a summary judgment dismissing the action.[3] Plaintiff appeals, contending that the service by certified mail was valid and that in any event defendant does not have standing to complain as to the manner of service.

Appellee has moved to dismiss the appeal, arguing that appellant should have appealed from the order of December 24,

---

1. Removed to the United States District Court for the District of Oregon because of diversity of citizenship.

2. In Oregon a two-year statute of limitations governs the commencement of actions based on negligence. Oregon Revised Statutes 12.010, 12.110. An action is commenced in that state when the complaint is filed and the summons is served upon the defendant. ORS 12.020. The instant cause of action having accrued on October 17, 1956, the last day for completing both the filing of the complaint and the service of process was October 16, 1958.

3. The motion upon which the court acted was in form one to dismiss the action, or in lieu thereof to quash a second attempted service, or to strike the complaint. The order actually entered was in form one to dismiss the complaint. But in passing upon the motion the court had before it certain testimony and a stipulated statement of fact and issues. The motion is therefore to be considered as one for summary judgment, and the order as one granting such a motion. Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A.; Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Ltd., 9 Cir., 185 F.2d 196, 205.

1958, quashing the service rather than the order of April 20, 1959, granting summary judgment.

An order quashing a summons is appealable only if it terminates the action. In re Melekov, 9 Cir., 114 F.2d 727. The order herein of December 29, 1958, did not terminate the action. It is true that the statute of limitations had run by then.[4] However, this is a defense which must be raised by motion or responsive pleading, and unless so raised is deemed waived.[5] The appeal from the order of April 20, 1959, granting the motion for summary judgment enabled appellant to question all interlocutory rulings which led to the entry of that order. The motion to dismiss the appeal is denied.

The Oregon statute applicable to the withdrawal of foreign corporations is ORS 57.721, the pertinent part of which is quoted in the margin.[6] This statute provides that "service" of process may be made upon the commissioner, but does not specify how such service is to be accomplished.

This lack of specification as to the manner of service seems to be peculiar to the case where a foreign corporation has withdrawn from Oregon pursuant to ORS 57.721. Where a domestic corporation fails to appoint a registered agent, or when its registered agent cannot be found, service of process is to be made "by delivering to and leaving with" the commissioner the process desired to be served. ORS 57.075(2). Appellant concedes that this calls for personal service. Under the same circumstances like service is to be made with regard to a foreign corporation which is authorized to transact business in the state or which is transacting business in the state without being authorized. ORS 57.700(2).

On the other hand service upon the commissioner may be made by certified mail in the case of a dissolved corporation. ORS 57.630(3).[7]

But while ORS 57.721 lacks a provision specifying the manner of service, this void appears to be filled by another statute dealing with the service of process in general. ORS 15.080 provides:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

\* \* \* \* \* \*

"(5) If against a person who has appointed some officer of this state his agent or attorney to receive and accept such service, then to such agent or attorney."

---

4. It had not run at the time the motion to quash was filed on October 7, 1958.

5. Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305. An exception is made with regard to suits against the United States, in which case the running of the statute is considered to be jurisdictional. Werner v. United States, D.C., 10 F.R.D. 245, affirmed 9 Cir., 188 F.2d 266.

6. ORS 57.721:
"(1) A foreign corporation authorized to transact business in this state may withdraw from this state upon procuring from the Corporation Commissioner a certificate of withdrawal. In order to procure such certificate of withdrawal, such foreign corporation shall deliver to the Corporation Commissioner an application for withdrawal, which shall set forth:
\* \* \* \* \* \* \*

"(d) That the corporation revokes the authority of its registered agent in this state to accept service of process and consents that service of process in any action, suit or proceeding based upon any cause of action arising in this state during the time the corporation was authorized to transact business in this state may thereafter be made on such corporation by service thereof on the Corporation Commissioner.

"(e) A postoffice address, including street and number, if any, to which the Corporation Commissioner may mail a copy of any process against the corporation that may be served on him."

7. While ORS 57.630(3) refers to "registered" mail, certified mail is now permitted in all cases where registered mail is required by statute. ORS 174.150.

[redacted] Service by "delivering" process within the meaning of ORS 15.080 is accomplished by making personal service upon the person indicated. This is made clear by ORS 15.060 providing that service shall be by the sheriff, or his deputy, or a competent person over the age of twenty-one years who is a resident of the state and not a party to or an attorney in the action.

Under the procedure prescribed in ORS 57.721 relating to the withdrawal of foreign corporations the commissioner is in effect an officer of the state appointed by such corporation to receive and accept such service.

[redacted] The district court relied in part upon ORS 15.060 and 15.080 in holding that personal service upon the commissioner was required in this case. Appellant has made no mention of ORS 15.060 and 15.080 in his argument in this court. Nor have we been directed to any Oregon statute or court decision which indicates that these statutes are inapplicable. In these circumstances we are inclined to accord great weight to the determination of the district judge with regard to the local law of Oregon.[8]

Appellant calls attention to a decision by the Washington Supreme Court in which it was held under somewhat similar circumstances that service by mail upon the designated state officer was sufficient. National Grocery Co. v. Kotzebue Fur & Trading Co., 3 Wash.2d 288, 100 P.2d 408, 412.[9] In its opinion in that case the Washington court stated that "* * * the legislature did not specifically prescribe personal service * * *." In this case, on the other hand, we have held that ORS 15.060 and 15.080 do, under the circumstances, specifically prescribe personal service.

The commissioner accepted the service by certified mail and forwarded the papers to appellee. Appellant argues from this that there has been an administrative construction of ORS 57.721 favorable to its position and that in any event this circumstance deprives appellee of standing to question the manner of service.

[redacted] As the district court pointed out, reception of the certified mailing of these papers did not represent long-standing administrative construction of the statute. For a number of years whenever service was attempted to be effected by mail in similar cases the commissioner had returned the documents. Some attorneys, however, began to object to this procedure on the ground that it was not the commissioner's function to pass upon the validity of the service. Therefore, and within a few months prior to the attempted service here in question, the commissioner changed to his present method. His purpose in doing so was not to evidence a change of view as to the meaning of the statute but to relieve himself of the responsibility of making any interpretation of it.

[redacted] Acceptance of the mailing by the commissioner did not deprive appellee of standing to contest the manner of service. While the commissioner was in effect appointed appellee's agent to accept service, he was not authorized to accept service in a manner not prescribed by statute. The fact that the papers were forwarded to appellee in due course is irrelevant. An invalid service may be quashed notwithstanding the fact that no prejudice can be shown.[10]

Affirmed.

8. See Citrigno v. Williams, 9 Cir., 255 F.2d 675, 679; People of State of California v. United States, 9 Cir., 235 F.2d 647, 654.

9. This case apparently overruled, sub silentio, Bennett v. Supreme Tent of Knights of Maccabees, 40 Wash. 431, 82 P. 744, 2 L.R.A.,N.S., 389.

10. It may also be noted that when the motion to quash the service was made in this case the statute of limitations still had nine days to run. Hence, had appellant acted expeditiously at that time to make a valid service he would not have been prejudiced by the quashing of the one first attempted.