**Ermelinda M. DESMOND and Paulinda M. Mort, Appellants,**

v.

**David L. ROBERTSON and C. W. Eanes, Appellees.**

**No. 3663.**

District of Columbia Court of Appeals.

Argued March 22, 1965.

Decided July 8, 1965.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Washington, D. C., was on the brief, for appellants.

William A. Mann, Washington, D. C., with whom Allan C. Swingle, Washington, D. C., was on the brief, for appellees. William T. Clague, Washington, D. C., also entered an appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellants brought this action for damages resulting from an automobile collision. A jury returned a verdict of $2,950 for the adult appellant and $50 for the minor appellant. The trial court granted a new trial, indicating it felt error had been committed in allowing the jury to speculate as to the loss of future earnings by the adult appellant.

The case was set for retrial but appellants did not appear on the trial date. The case was then continued for three weeks, but again appellants failed to appear and the

case was dismissed for want of prosecution. The order of dismissal stated: "Plaintiffs' attorney appeared and stated that he was still unable to locate plaintiff."[1]

■ This appeal was taken from the order of dismissal but no claim is made that the dismissal for want of prosecution was improper. The only claim of error relates to the granting of a new trial. Ordinarily, the grant or denial of a new trial is discretionary and subject to review only for abuse of discretion. Here, apparently, appellants claim that the grant of a new trial was erroneous as a matter of law.

■ Our first question relates to the right of the appellants on this appeal to question the correctness of the grant of a new trial. The grant of a new trial was not a final and appealable order, but if there had been a new trial with an adverse result to appellants, they could have appealed from the judgment in the second trial and assigned as error the grant of the new trial. Here appellants refused to retry their case and did not oppose the dismissal for want of prosecution.

■ An interlocutory order, to be reviewable on appeal from a final judgment must be of such a nature that it led to entry of the final judgment and thus may have infected with error that judgment.[2] In the instant case the grant of a new trial did not lead to or result in the dismissal. The dismissal resulted solely from appellants' failure to prosecute. Any error in granting a new trial did not affect the dismissal.

When appellants failed to appear for the new trial, and their failure appears to have been deliberate, in effect they consented to the dismissal. They have no standing to question the grant of a new trial.[3]

Affirmed.

---

1. Appellants' brief states the situation in this fashion: "The case was set down for new trial and when Appellants did not appear, the case was dismissed for want of prosecution."

2. Grabner v. Willys Motors, Inc., 282 F.2d 644, 86 A.L.R.2d 994 (9th Cir. 1960); MacNeil Bros. Company v. Cohen, 264 F.2d 190 (1st Cir. 1959).

3. See Kelly v. Great Atlantic & Pacific Tea Co., 86 F.2d 296 (4th Cir. 1936); Rudolph v. Sensener, 39 App.D.C. 385 (1912); Ganss v. Goldenberg, 39 App. D.C. 597 (1912).