**Trina D. SMITH, a minor, by her mother, Karen Canada, Appellant,**

v.

**Dorothea CANADA, Appellee.**

**No. 6763.**

District of Columbia Court of Appeals.

Argued Feb. 27, 1973.

Decided June 8, 1973.

Clement Theodore Cooper, Washington, D. C., for appellant.

Wesley S. Williams, Jr., Washington, D. C., for appellee.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

PER CURIAM.

This is an action for custody of a minor child, Trina D. Smith, brought by her mother, Karen Canada, against appellee (defendant) Dorothea Canada. The child had lived with appellee virtually since birth. Custody of the child was awarded to appellee. In so doing the trial court wrote a persuasive memorandum opinion accompanied by an order dated May 11, 1972. Thereafter, on July 18, 1972, appellant filed a motion to vacate that order invoking Super.Ct.Civ.R. 59 (new trial) and 60(b). The motion was denied by the trial court on August 18, 1972, and notice of appeal was for the first time filed September 6, 1972. We do not reach the merits of this appeal, however, for reasons which will appear.

This court's appellate rule (D.C. App.R. 4(II)(a)) requires that a notice of appeal be filed wihin 30 days from entry of judgment unless the time for filing notice of appeal is tolled under D.C.App.R. 4(II)(a)(2) or extended under D.C.App.R. 4(II)(a) by *timely* filing of certain post-trial motions in Superior Court. A motion for a new trial under Super.Ct.Civ.R. 59 (b) must be filed within 10 days after entry of judgment, a period of time which expired almost two months before appellant filed her motion in this case. A motion for relief from judgment under Super. Ct.Civ.R. 60(b), on the other hand, need only be filed within a reasonable time. Super.Ct.Civ.R. 60(b), however, does not toll the time for filing an appeal to this court. Harris v. Harris, D.C.App., 304 A.2d 635 (1973); Beach v. District of Columbia, D. C.Mun.App., 44 A.2d 926 (1945). Since appellant's notice of appeal was not timely filed and it is apparent that appellant sought to utilize a tardy motion to vacate the judgment in its stead, we have no reasonable alternative but to dismiss the appeal.

So ordered.