Edward L. JONES, Appellant,

v.

UNITED STATES, Appellee.

No. 81–111.

District of Columbia Court of Appeals.

Argued Sept. 14, 1982.

Decided Nov. 16, 1982.

A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C., with whom William J. Mertens, Public Defender Service, Washington, D.C., was on brief, for appellant.

L. Jackson Thomas, II, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before NEBEKER, MACK and FERREN, Associate Judges.

NEBEKER, Associate Judge:

A jury convicted appellant of armed robbery, D.C.Code 1981, §§ 22–2901, –3202, and carrying a pistol without a license, *id.* § 22–3204. During the trial, a statement made by appellant's codefendant was admitted into evidence in its entirety. This statement had been the subject of a pretrial motion for severance before a Superior Court judge who did not preside at the trial. The pretrial judge denied appellant's motion for severance, but ordered that should the codefendant not testify, the statement could be admitted only after all references to appellant had been eliminated. Appellant challenges the subsequent admission of the unaltered statement into evidence noting that his codefendant did not testify.[1] We hold that the trial judge had no authority to countermand the pretrial judge's order as it had become the law of the case. We reverse and remand the case for a new trial.

Appellant, Edward L. Jones, and his codefendant, Barbara Frazier, were arrested by Metropolitan Police Officer Francis X. Morgan on March 12, 1980. At the time of the arrest, Frazier denied any personal involvement in an armed robbery. However, when Officer Morgan asked her where the gun was, she said "that it was at his [appellant's] cousin's house on Harvard Street."

Appellant made a pretrial motion to sever his trial from Frazier's on the ground that her statement to Officer Morgan directly implicated him in the robbery. Appellant argued that admission of Frazier's statement at a joint trial at which Frazier did not testify would violate the rule of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In denying the severance motion, the pretrial judge concluded that redaction of Frazier's statement, removing all direct references to appellant, would be an adequate remedy for the *Bruton* problem. Accordingly, the final paragraph of the pretrial order provided:

> FURTHER ORDERED that, in the event Frazier does not testify at trial, the government shall submit a sanitized version of Frazier's statement to the Court for approval before it is introduced into evidence.

At trial, appellant offered an alibi defense. Frazier did not testify on her behalf. Officer Morgan, however, did testify as to the contents of Frazier's statement. The government also referred to Frazier's statement in both its opening statement and closing argument to the jury. Never was the statement redacted in compliance with the pretrial order so as to eliminate the direct implications it had for appellant, despite defense counsel's objection.

Once the pretrial judge entered his order requiring redaction of the statement prior

---

1. Appellant also challenges the trial court's limitation of testimony proffered to impeach the complaining witness. Our disposition of this case makes it unnecessary for us to treat appellant's impeachment issue at length. However, if on retrial complainant's credibility again becomes an issue, inquiry into previous statements made by him concerning the time he left his friend's house the morning of the incident, how much alcohol he consumed, whether his car windows were up or down, and whether or not he recalled any facial hair on the man who robbed him is appropriate. These are not items of collateral inquiry and are therefore proper areas of questioning.

to its introduction into evidence, this became the law of the case. *Jenkins v. United States,* D.C.App., 284 A.2d 460, 463 (1971). Absent unusual circumstances not presented, further rulings on this issue were no longer within the trial court's province. Thus, the government's failure to recognize and act upon the pretrial order amounts to error since Frazier's statement to Officer Morgan was inadmissible without redaction.

Appellee argues that the admission without redaction of Frazier's statement did not violate *Bruton* because it did not clearly and directly inculpate the appellant. We disagree. Frazier's statement made inescapable the inference that appellant committed robbery. The government understood this and attempted to capitalize upon it during closing argument when it invited the jury to think about the statement Frazier made at the scene. Accordingly, the judgment of conviction is

*Reversed.*