HOWARD UNIVERSITY, Appellant,

v.

Kwadwo POBBI–ASAMANI, et al., Appellees.

Kwadwo POBBI–ASAMANI, et al., Appellants,

v.

HOWARD UNIVERSITY, Appellee.

Nos. 82–1090, 82–1475.

District of Columbia Court of Appeals.

Argued April 3, 1984.

Judgment entered Oct. 2, 1984.

Opinion filed March 13, 1985.

---

Julian Tepper, Washington, D.C., for Kwadwo Pobbi-Asamani, et al., appellees in No. 82–1090 and appellants in No. 82–1475.

Before BELSON and TERRY, Associate Judges, and KERN, Associate Judge, Retired.[*]

TERRY, Associate Judge:

These cross-appeals arise from an action against Howard University by five former faculty members. The plaintiffs sought damages for breach of contract and for tortious interference with contractual relations. The trial court, after the conclusion of the plaintiffs' case, granted a directed verdict for the University on the tort claims and some of the contract claims. On the remaining contract claims, the jury returned a verdict for the plaintiffs, and the court entered judgment on the verdict. The University filed a motion for a new trial or, in the alternative, a remittitur. The court entered an order granting the request for a new trial unless the plaintiffs agreed to a remittitur of approximately $25,000. All five plaintiffs eventually accepted the remittitur. The University then filed a notice of appeal, and the plaintiffs noted a cross-appeal. Because neither party's notice of appeal was timely filed, we entered an order on October 2, 1984, dismissing both appeals for lack of jurisdiction. We now file this opinion setting forth our reasons for the dismissal.

I

The time for filing a notice of appeal is governed by this court's rules. Rule 4–II(a)(1)[1] provides that in a civil case, a notice of appeal must be filed within thirty days after the entry of the judgment or order from which the appeal is taken. If a

Richard J. Hopkins, Washington, D.C., for Howard University, appellant in No. 82–1090 and appellee in No. 82–1475.

---

[*] Judge Kern was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on May 25, 1984. He approved this opinion before he left the court on October 3, 1984.

1. Rule 4–II has now been renumbered as Rule 4. See note 7, *infra.* However, because the outcome of this case depends on the wording of the rule prior to the recent amendment and renumbering, we shall refer to it here by the old number.

timely notice is filed, any other party may file a notice of appeal within fourteen days from its filing, or within thirty days from the entry of judgment, whichever is later. The judgment in this case was entered on April 21, 1982, and therefore, under section (a)(1) of Rule 4–II, at least one notice of appeal had to be filed by May 21, thirty days thereafter.

■ But there is an exception to this thirty-day limit. Rule 4–II(a)(2) provides:

> The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing pursuant to the rules of the Superior Court of the following motions in said court, and the full time for appeal fixed by this subdivision *commences to run and is to be computed from the entry in the civil docket of an order with respect to such motion:*
>
> *  *  *  *  *  *
>
> A motion for new trial.... [Emphasis added.]

In this case the University filed a timely motion for new trial or, in the alternative, for a remittitur.[2] Therefore, under section (a)(2) of Rule 4–II, the time for noting an appeal was terminated and did not begin to run again until the entry on the docket of "an order with respect to" that motion. That order was entered on July 2 and read in part as follows:

> Upon consideration of the motion of the defendant for a new trial on the ground that the verdicts are excessive, and plaintiffs' opposition thereto, it is ...
>
> ORDERED, that a new trial be granted on the ground that the verdicts are excessive, unless, on or before August 2,

1982, respective plaintiffs shall produce and file with the chambers of the undersigned Judge a courtesy copy of an original filed with the Office of the Clerk of this Court, a remittitur of all of the verdicts in excess of the amount specified below in reference to each plaintiff:

> *  *  *  *  *  *
>
> and it is
>
> FURTHER ORDERED, in the case of such remittitur, the motion is denied.

On July 30 the plaintiffs filed with the court their acceptance of the remittitur, along with a motion for costs. The University filed its notice of appeal on August 6; the plaintiffs filed their notice of cross-appeal on August 31.

## II

The University maintains that this court has jurisdiction to consider only appeals from final orders and judgments of the Superior Court.[3] As a general proposition, that is true.[4] The University further argues that the trial court's order of July 2 did not become "final" until the plaintiffs agreed to accept a remittitur on July 30, and that we therefore have jurisdiction because the notice of appeal was timely filed on August 6. We disagree for two reasons.

■ First, as the University acknowledges, orders granting motions for new trial are not final and appealable. *See, e.g., Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980); *Desmond v. Robertson,* 211 A.2d 775, 776 (D.C.1965); *Phillips v. Marvin's Credit, Inc.,* 35 A.2d 825 (D.C. 1944). The July 2 order granted the Uni-

---

2. The record on appeal does not reveal when the University's motion was filed. It does reflect, however, that the plaintiffs' response to the motion was filed on May 14, which was well within the thirty-day period. From this we can infer that the motion itself was filed before May 14. Since there has been no claim that the motion was not timely under the applicable Superior Court rule, we may assume for the purposes of this appeal that it was.

3. D.C.Code § 11–721(a)(1) (1981) provides:

> (a) The District of Columbia Court of Appeals has jurisdiction of appeals from—
> (1) all final orders and judgments of the Superior Court of the District of Columbia....

4. Certain non-final orders are made specifically appealable by statute. *See, e.g.,* D.C.Code § 11–721(a)(2), (3) (1981).

versity's motion for new trial, subject only to the condition that if the plaintiffs accepted the remittitur by August 2, the motion would be denied. The presence of such a condition subsequent cannot convert an otherwise non-final order into a final order. Indeed, even if the plaintiffs had refused to accept the remittitur, the July 2 order would not be appealable. *See Reinertsen v. George W. Rogers Construction Corp.,* 519 F.2d 531, 533 (2d Cir.1975).[5]

■ Second, and more significantly, the University overlooks the fact that it is not the July 2 order but the April 21 judgment which is the subject of these appeals. That judgment is the only final order before us, and the parties' arguments on the merits are quite properly directed toward the judgment and the trial which led to its entry. The time for noting an appeal was terminated, by operation of Rule 4–II(a)(2), when the University filed its motion for new trial; if that were not the case, the time for noting an appeal would have expired on May 21. Rule 4–II(a)(2) also tells us when the time for noting an appeal began to run again: "from the entry in the civil docket of an order with respect to such motion."

■ The language of the rule could not be clearer. The time for filing a notice of appeal starts to run not from the day on which "an order with respect to" a motion for new trial becomes "final" (if indeed it ever does), but from the day on which such an order is entered on the trial court's civil docket. The only "order with respect to" the University's motion for new trial is the order that was filed, mailed, and entered on the docket on July 2. Under Rule 4–

II(a)(2), the time for noting an appeal from the April 21 judgment began to run anew from that date. Thus it does not really matter whether the July 2 order was "final" or not, because it has not been appealed. Rather, it is the entry of the July 2 order that makes the April 21 judgment final and appealable.

■ Rule 4–II(a)(1) gives an aggrieved party thirty days to file a notice of appeal. Thirty days from July 2 is August 1; three additional days for mailing[6] would move the deadline up to August 4. The University, however, did not file its notice of appeal until August 6, two days late. Since the timely filing of a notice of appeal is mandatory and jurisdictional, the University's failure to file timely deprives this court of the power to review the trial court's judgment. *Brown v. United States,* 379 A.2d 708 (D.C.1977); *Smith v. Canada,* 305 A.2d 521 (D.C.1973); *see United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *cf. In re C.I.T.,* 369 A.2d 171 (D.C. 1977). We therefore have no choice but to dismiss the University's appeal for lack of jurisdiction.

■ We must also dismiss the plaintiffs' cross-appeal. The plaintiffs filed their notice of appeal on August 31, well beyond the August 4 deadline. If the University's notice of appeal had been timely filed, the plaintiffs could have filed their notice within fourteen days thereafter. D.C.App.R. 4–II(a)(1). The untimeliness of the University's notice kept that escape hatch closed. But even assuming that the filing of the University's notice on August 6 was timely, the plaintiffs would have had only until

---

**5.** There is authority to the effect that if a plaintiff accepts a remittitur under protest, "the final judgment entered thereon would be appealable, and the order requiring remittitur could be reviewed in that appeal." *Wiggs v. Courshon,* 485 F.2d 1281, 1283 (5th Cir.1973) (citation omitted). The Second Circuit in *Reinertsen, supra,* voiced disapproval of the *Wiggs* decision and refused to follow it as an exception to the general rule that an order granting a motion for new trial is not appealable. In any event, *Wiggs* is not really pertinent to the case at bar, since

there is no indication in the record that the plaintiffs accepted the remittitur under protest.

**6.** At all times pertinent to this case, D.C.App.R. 26(c) provided:

Whenever a party has the right or a duty to act or proceed within a prescribed period after the service of a paper upon him and the paper is served by mail, the party shall have three additional days within which time to respond.

August 20 to note an appeal. Their notice was not filed until August 31, eleven days after the latest conceivable date on which it might arguably have been timely. Thus we lack jurisdiction to entertain the cross-appeal as well.

*Appeals dismissed.*[7]

BELSON, Associate Judge, dissenting:

The holding of the majority construes our rules in such a way as to deprive Howard University of any opportunity to appeal an adverse judgment. Not only is the result unjust, but the majority's reading of the rules is, I think, incorrect. The same reading leads the majority to dismiss the cross-appeal. Therefore, I dissent.

It is true, as the majority points out, that our Rule 4–II(a)(2) provided that the filing of a motion for new trial terminates the running of the time for filing an appeal as to all parties "and the full time for appeal ... commences to run and is to be computed from the entry in the civil docket of an order with respect to such motion."

That rule language, however, must be read in harmony with other applicable law. An order *granting* a motion for new trial does not commence the running of the time for appeal, since it is interlocutory and unappealable. *Desmond v. Robertson*, 211 A.2d 775 (D.C.1965). On July 2, 1982, the trial court *granted* defendant Howard University's motion for new trial, subject only to denial of the motion if plaintiffs accepted a remittitur. Howard University could not have appealed that granting of a new trial unless and until plaintiffs converted the grant into a denial by accepting the remittitur. When plaintiffs did so on July 30, 1982, and this acceptance was docketed on August 5, 1982, the order became an appealable order, and Howard University filed a timely notice of appeal on August 6,

1982. The plaintiffs' cross-appeal on August 31, 1982, was within 30 days of the docketing of the acceptance, and therefore also was timely.

It is reasonable, I think, to hold that the acceptance of the remittitur, when entered on the docket, constitutes "an order with respect to such motion," for it merges with the trial court's inchoate order and has the effect of an order of the court denying the motion for new trial.

This court recently has adopted a clarifying amendment to Rule 4–II(a)(2) that in the future will prevent a deprivation of the right of appeal under circumstances like those present here. This comes too late for the parties before us.

I respectfully dissent.

---

7. We are sensitive to the fact that Rule 4–II(a)(2), as written, has worked a hardship on the parties in this case. Because of what happened here, this court by unanimous vote has recently amended the rule by adding a proviso that if an order "is conditioned on the acceptance of a remittitur by any party, the time shall begin to run from the date on which that party files in the Superior Court a statement indicating acceptance or rejection of the remittitur." This amendment, now part of Rule 4(a)(2), was included in a general revision of our rules which took effect on January 1, 1985.