Mabel P. HADEN, Appellant,

v.

Helen HENDERSON, et al., Appellees.

No. 85–101.

District of Columbia Court of Appeals.

Submitted Dec. 3, 1985.
Decided Feb. 27, 1987.

---

Mabel D. Haden, Washington, D.C., filed a brief pro se.

No appearance was entered for appellees.

Before NEBEKER, MACK,* and FERREN, Associate Judges.

FERREN, Associate Judge:

Appellant, an attorney, challenges an order of the Probate Division of Superior Court awarding her $900 plus $7 in costs as compensation for her services as a guardian ad litem. D.C.Code § 21–1502 (b) (1981); Super.Ct.Civ.R. 304 (b); Super.Ct. Prob.R. 122 (a). The trial court had appointed appellant to represent the interests of Paris Henderson in responding to a complaint filed by his estranged wife, who sought removal of the co-conservators, support from the ward's estate, and other relief. After dismissal of the wife's complaint, appellant, with the co-conservators' approval, asked the court to authorize compensation of $1,450 from the ward's estate, based on an itemized 14½ hours of work at $100 per hour, plus $7 in out-of-pocket expenses. The Register of Wills recommended a lesser fee of $900 plus costs, without elaborating why, and the court awarded appellant that reduced amount plus costs, without explanation. Because appellant has failed to provide a record sufficient to show an abuse of discretion, we must affirm.

## I.

A guardian ad litem is entitled to reasonable compensation for services. *Mitchell v.*

---

* Associate Judge MACK would remand the record for summary findings.

1. Although the rules of the Superior Court did not specifically say so at the time, in practice the fiduciary rules governed administration of conservatorships, including related fee applications, whereas the probate rules governed only administration of decedent's estates. By an amendment effective February 1, 1985, this distinction was expressly stated. Super.Ct.Civ.R. 301(a)(2). Moreover, the 1985 amendments now require a guardian ad litem who seeks compensation from an estate under a conservatorship to provide not only the information called for by the previous rule but also "[e]vi-

*Ensor,* 134 U.S.App.D.C. 24, 29, 412 F.2d 155, 160 (1969). At the time appellant filed for compensation, the trial court's fiduciary rules, specifically Super.Ct.Civ.R. 302 (a) (1) (1984), provided:

Allowance by the Court of compensation to an attorney, fiduciary or guardian ad litem shall be made only on written motion supported by a statement detailing with particularity the nature and extent of services rendered, the time devoted thereto, the amount claimed therefor, and any prior allowances for services to the claimant or others.

The probate rule, Super.Ct.Prob.R. 122 (c) (1984), was substantially identical.[1]

In ruling on the motion, the court must consider "(1) the character of the services rendered, (2) the amount of time spent, (3) the size of the estate administered, and (4) the benefits that accrued to the estate as a result of the services." *Mitchell,* 134 U.S. App.D.C. at 29, 412 F.2d at 160 (footnote omitted) (criteria for "compensation to be awarded guardians ad litem and conservators"). In *Rosendorf v. Toomey,* 349 A.2d 694, 701–02 (D.C.1975), this court reviewed the application of these criteria and sustained the trial court's approval of the Auditor-Master's recommendation of commissions for a substitute conservator. We noted that the Auditor-Master "took proper cognizance of the factors discussed in *Mitchell,*" 349 A.2d at 701, and held "[i]t was within the trial court's discretion to approve the Auditor-Master's recommendations as long as they were prepared with the requisite criteria in mind and were reasonable." 349 A.2d at 702. We indicated,

---

dence of the necessity or purpose of the services," the "[r]esults achieved, including the benefit to the estate or ward, if any," and "[t]he ability of the estate to meet future needs of the ward and to compensate fairly the fiduciary." Super. Ct.Civ.R. 301(f) (incorporated "to the extent applicable" by Super.Ct.Civ.R. 302(a)).

These additional requirements, of course, were not applicable to appellant's 1984 fee application. Moreover, any confusion over whether the fiduciary rules or the probate rules were applicable to appellant's application in 1984 was irrelevant because at the time there were no material differences between Super.Ct.Civ.R. 302(a)(1) and Super.Ct.Prob.R. 122(c).

moreover, that the materiality of each *Mitchell* factor will depend on the circumstances of each case. *See* 349 A.2d at 701 n. 9.

Accordingly, we have made clear that our standard of review for awards of compensation to guardians ad litem is whether the trial court reasonably exercised its discretion according to the *Mitchell* criteria. Moreover, our cases indicate that, to permit meaningful review on appeal, the record must reflect that the trial court actually considered the relevant factors. In *Rosendorf,* for example, we upheld the trial court's compensation award because the court relied on the recommendation of an Auditor-Master whose report "indicate[d] that he took proper cognizance of the factors discussed in *Mitchell*." 349 A.2d at 701. In other contexts, we have consistently required the trial court to provide this court with findings or at least with a record sufficient to permit our understanding, and thus review, of the court's reasoning. *Compare Thomas v. Thomas,* 477 A.2d 728, 729 (D.C.1984) (citing cases) (remand of record for preparation of findings underlying civil protection order premised on "good cause to believe" appellant committed intra-family offense), *with Darling v. Darling,* 444 A.2d 20, 23 (D.C.1982) ("[d]espite the absence of specific findings of fact in direct support of this [counsel fees] award, we find no abuse of discretion here as the record and findings of fact supply an ample basis for the fee award"); *see also Tauber v. District of Columbia,* 511 A.2d 23, 28 (D.C.1986) (citing cases).

Cases such as those cited above concerned review of judgments and orders entered after a hearing or trial and thus were governed by Super.Ct.Civ.R. 52(a), which requires the trial court to "state findings of fact specially and state separately its conclusions of law in every action tried upon the facts without a jury." In contrast, the trial court may, and commonly does, set compensation for guardians ad litem with-

out a hearing.[2] However, this does not mean that orders entered without a hearing are exempt from a requirement that the trial court make clear the reasons for its decision. The trial court's responsibility to provide a reviewable order of compensation to a guardian ad litem does not evaporate merely because the court does not choose to hold a hearing on the application or because, as in this case, the amount at issue is small. The salient fact is that the claimant has the right to have this court review the order. Where we lack findings or a record that otherwise explains the discretionary order on appeal, "we are unable to apply the law intelligently to the facts of th[e] case" and must remand to fill the gap. *Tauber,* 511 A.2d at 28.

Thus, in *Mitchell,* for example, the court of appeals remanded with orders that the trial court supplement the record and make findings of fact as to the size of the estate and the benefits brought to it by the work of the guardian and conservators seeking compensation—essential issues upon which the trial court had made no express findings. *See id.,* 134 U.S.App.D.C. at 30, 412 F.2d at 161. Unless the context or the record allows the appeals court with some assurance to "infer the reasoning upon which the trial court made its determination," *Johnson v. United States,* 398 A.2d 354, 366 (D.C.1979); *see Darling,* 444 A.2d at 23, we cannot affirm a discretionary decision for which the trial court has provided no reason. We note, however, that a record of the trial court's reasons need not always take the form of findings of fact and conclusions of law, as the court, for example, may have relied on manifestly trustworthy findings by an official such as the Register of Wills or an appointed auditor, *Rosendorf,* 349 A.2d at 701, or otherwise made its reasoning clear.

II.

In conformity with then applicable Super. Ct.Civ.R. 302 (a) (1) (1984), appellant filed a written motion and an affidavit with the

---

**2.** The applicable Superior Court rules do not expressly provide for a hearing on fee applications, although a hearing, of course, is not precluded. The need for judicial economy presumably precludes hearings in most cases before the court rules on fee applications, especially when small estates are concerned. Moreover, appellant properly could assume the court was familiar with the underlying facts in this case. Appellant, therefore, cannot be faulted for not requesting a hearing at the time she filed her application.

Probate Division covering the first two *Mitchell* factors. She detailed the nature and extent of services rendered, the time devoted, and the amount claimed.[3] The trial court, from the estate record and the proceedings, was in a position to scrutinize appellant's affidavit and to apply the other two *Mitchell* factors.[4]

■ Appellant contends the trial court improperly reduced her requested compensation by $550. The trial court does not bear sole responsibility for providing a sufficient record for the appeals court to review. Appellant, in so far as it lies within her power, must "present this court with a record sufficient to show affirmatively that error occurred." *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982) (citing cases). Where she fails to do so, we must affirm the trial court. *See id.*

Appellant asked for $100 as compensation for a one-hour hearing on September 6, 1984 on her motion to dismiss the complaint and on her opposition to the estranged wife's motion for preliminary injunction. Neither the docket entries nor any other document of record (other than appellant's own "statement of reporter's transcript") reflects that such a hearing took place. Nor has appellant designated the transcript of that hearing as part of the record on appeal. Thus, appellant has failed to provide a record sufficient to support at least $100 of her claim.

But that is not all. The transcript of that hearing—assuming it took place, as appellant represents—is germane to the trial court's application of at least the fourth *Mitchell* factor: the benefits that accrued to the estate as a result of appellant's services. Thus, although the record presented—including pleadings, docket entries, notes from the Register of Wills, and court orders—does not help us infer the court's reasoning behind its decision to re-

duce appellant's compensation by more than $100 below her documented request, we cannot say the court abused its discretion given appellant's failure to provide a complete record.

### III.

■ We note, as a postscript, that although the trial court rules do not expressly permit a motion for reconsideration, such motions are entertained from time to time. Our experience with the present case suggests that guardians ad litem who are dissatisfied with trial court rulings on fee applications, unaccompanied by discernible reasons for the court's action, may find it appropriate to seek reconsideration, including a request for an explication of reasons, before filing a notice of appeal from the trial court's initial ruling. When reconsideration is sought, of course, the parties should take care to assure that the period for filing a notice of appeal from the court's initial ruling does not expire.

*Affirmed.*

---

3. In 1983, appellant had been appointed Paris Henderson's guardian ad litem in connection with the creation of his conservatorship. That appointment had been terminated upon completion of her responsibilities. Appellant's appointment as guardian ad litem in the present proceeding, therefore, was an altogether new appointment. We do not hold appellant accountable for failing to state, in her fee application, "any prior allowances for services," Super.Ct.

Civ.R. 302(a)(1) (1984), for the rule did not clearly refer to services to the same ward under a previous court appointment.

4. As noted earlier, *supra* note 2, the 1985 amendment to Super.Ct.Civ.R. 302(a) now requires a guardian ad litem to supply information responsive to the third and fourth *Mitchell* factors.