**Letitia R. WILLIAMS, As Next Friend of the Minor Children, Roman Williams and Raymond Williams, Appellant,**

v.

**VEL REY PROPERTIES, INC. and Reymundo Alaniz, Appellees.**

No. 95–CV–1239.

District of Columbia Court of Appeals.

Argued Sept. 10, 1996.

Decided Sept. 11, 1997.

Elizabeth T. Jester, Washington, DC, for appellant.

Ana I. Fabregas, Silver Spring, MD, with whom Henry T. Keegan, Washington, DC, was on the brief, for appellees.

Before STEADMAN, FARRELL and KING, Associate Judges.

STEADMAN, Associate Judge:

The dispositive question presented in this appeal is whether the trial court, contrary to its apparent belief, did in fact have the power to grant a "motion for reconsideration" filed more than ten days after entry of its earlier order granting a motion for remittitur or a new trial. We answer that question in the affirmative, and remand the case for further proceedings.

### I.

Letitia Williams ("plaintiff" or "appellant") initiated this action on January 9, 1992, alleging that defendants' negligence caused her two minor children, Roman and Raymond, to sustain injuries from lead paint exposure. After a trial on the merits, a jury awarded Roman and Raymond damages in the amounts of $1,696,398 and $964,412 respectively. Judgment was entered consistent with the verdict on March 1, 1994.

Within the requisite ten-day period, defendants filed pursuant to Rule 59 a motion for new trial or, in the alternative, remittitur. Granting the motion some fourteen months later in an order docketed April 27, 1995 ("April order"), the trial court reduced the jury's damage award to $450,000 for Roman Williams and $200,000 for Raymond Williams. However, the court provided plaintiff ten days in which to exercise the option of declining the remittitur and instead receiving a new trial. According to the or-

der, failure to make an election within that period was to be deemed an acceptance.[1]

Plaintiff, averring that she required additional time to consult with counsel and determine whether adequate funding for further litigation could be obtained, responded within the prescribed ten-day period by filing pursuant to Rule 6(b)[2] a motion to extend the time to make her election until June 5, 1995. She also requested additional time in which to file a motion for reconsideration. The court did not rule on these requests, and plaintiff subsequently filed on June 5 a "motion for reconsideration" asking the court to vacate the April order and reinstate the original jury verdict. Plaintiff did not indicate whether or not she would accept the remittitur.

In its order dated August 22, 1995 ("August order"), the trial court denied plaintiff's motions for extension of time and for reconsideration, and ordered that judgment be entered in the amount of $450,000 for Roman Williams and $250,000 for Raymond Williams.[3] The court ruled *inter alia* that it was without authority to reach the merits of the motion for reconsideration as one made under Rule 59(e) because it was not filed within the allotted ten-day period[4] and Rule

6(b) prohibited an extension of time in which to file such a motion.[5] This order, from which appellant now timely appeals, was entered into the civil docket on August 24, 1995.

Appellant contends on appeal that because final judgment had not been entered prior to the August order, the time constraints of Rules 59(e) and 6(b) did not render the trial court powerless to entertain the motions. We agree.

## II.

The question of when a "motion for reconsideration"[6] must be treated as one subject to Rule 59(e) appears to have been a source of some uncertainty to courts and practitioners alike. We review here the operative principles.

Rule 59 encompasses motions for new trial and motions to alter or amend a judgment. Motions filed pursuant to the Rule must be filed not later than ten days after the entry of the judgment. This time limit is jurisdictional and the trial court has no authority to decide the merits of an untimely motion. Furthermore, the ten-day period may not be extended by the court

1. It is well settled that when a jury verdict is excessive the trial court may grant a remittitur. *See Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935); *Munsey v. Safeway Stores, Inc.*, 65 A.2d 598, 600 (D.C.1949). However, the court "may not decree a verdict excision ... absent the plaintiff's *informed consent.*" *Carter v. District of Columbia*, 254 U.S.App.D.C. 71, 90, 795 F.2d 116, 135 (1986) (emphasis added). Instead, the court may offer plaintiff a remittitur and, if it is refused, grant a motion for a new trial. *Phillips v. District of Columbia*, 458 A.2d 722, 724 (D.C.1983). Appellant does not at this point contest, nor do we consider, the propriety of the order's presumption of consent from the failure to make an election.

2. Super. Ct. Civ. R. 6(b) provides *inter alia* that when by order of court an act is required to be done within a specified time, "the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Rule 6(b) forbids the court, however,

from extending the time for filing post-judgment motions under Rule 59.

3. No explanation was offered for the additional $50,000 awarded to Raymond above the $200,000 specified in the April order. The issue is not contested on appeal.

4. The trial court also took the view that appellant's motion did not fit within the purview of Rule 59(e) because only factual errors, not legal errors, were asserted. Since the motion, as we shall indicate, did not in fact fall within any limitations under that rule, we do not address this aspect of the order. The same is true of the court's rejection of the motion as one made under Rule 60(b), which is applicable to "a final judgment, order, or proceeding."

5. The court did not clearly explain why additional time for the election, as opposed to additional time for filing the motion for reconsideration, was denied.

6. The Superior Court Rules of Civil Procedure nowhere provide for a motion under that name. *See Fleming v. District of Columbia*, 633 A.2d 846, 848 (D.C.1993).

under Rule 6(b). *Circle Liquors v. Cohen,* 670 A.2d 381, 385–86 (D.C.1996); *Fleming, supra* note 6, 633 A.2d at 849. It has been noted that the rigidity and brevity of the time for filing such motions tend to promote the finality of judgments. *See* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2812 (1981). *Cf. Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215 (D.C.1993) (stressing importance of principle of finality).

■■■ However, Rule 59 with its inflexible ten-day period applies only to a final, appealable judgment. *Riggs v. Scrivner, Inc.,* 927 F.2d 1146, 1148 (10th Cir.1991); *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1472 (4th Cir.1991); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.40[2] (3d ed.1997). Thus it is held that motions to reconsider interlocutory orders are not subject to the restrictive time limits imposed upon motions to reconsider final judgments. *See Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that motions to reconsider interlocutory orders "did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under [Rule] 59(e)"); *Riggs, supra,* 927 F.2d at 1148 (affirming the trial court's authority to consider, prior to final judgment, a motion for reconsideration filed in excess of ten days after an interlocutory order); *Carter v. Beverly Hills Sav. and Loan Ass'n,* 884 F.2d 1186, 1189 (9th Cir.1989) (holding that "where a final judgment complying with Rule 58 was never entered, a post-judgment motion may not be deemed untimely"); *Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir.1988) (finding error in trial court's dismissal as untimely of a motion to reconsider an interlocutory ruling); *Gallimore v. Missouri Pac. R.R. Co.,* 635 F.2d 1165, 1171 (5th Cir.1981) (finding that the court's authority to reconsider an interlocutory order "is not subject to the limitations of Rule 59").

It has been observed that the Rule's policy of promoting the finality of judgments "is not applicable to an interlocutory order, which by hypothesis is not final and is subject to modification by the court at any time before judgment is entered." 11 WRIGHT & MILLER, *supra,* § 2812. "[T]he district court has plenary power to reconsider, revise, alter or amend an interlocutory order.... The limitations of Rule 59 that are intended to protect the finality of judgments do not apply." 12 MOORE, *supra,* § 59.43[1]. *See also Langevine v. District of Columbia,* 323 U.S.App. D.C. 210, 215, 106 F.3d 1018, 1023 (1997) (holding that "[i]nterlocutory orders ... may always be reconsidered prior to final judgment"); *Hardin v. Hayes,* 52 F.3d 934, 938 (11th Cir.1995) (noting that the district court has "plenary power" over interlocutory orders "and may therefore reconsider, revise, alter or amend [such] order[s] at any time prior to final judgment"); *Wagoner, supra,* 938 F.2d at 1122 (finding that a motion for reconsideration invoked "the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment"); *Fayetteville Investors, supra,* 936 F.2d at 1469 ("[a]n interlocutory order is subject to reconsideration at any time prior to the entry of final judgment"); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 465 (9th Cir.1989) ("[c]ourts have inherent power to modify their interlocutory orders before entering a final judgment"); *Schoen v. Washington Post,* 100 U.S.App. D.C. 389, 392, 246 F.2d 670, 673 (1957) ("[s]o long as the court has jurisdiction over an action, it should have complete power over interlocutory orders made therein and should be able to revise them when it is consonant with equity to do so.").

■■■ Although the trial court rules do not expressly provide for motions to reconsider interlocutory orders, we have observed that they are in fact entertained from time to time. *See Haden v. Henderson,* 521 A.2d 666, 669 (D.C.1987). *See also Blyther v. Chesapeake & Potomac Tel. Co.,* 661 A.2d 658, 662 (D.C.1995) (Ruiz, J., concurring) ("Judges are constantly reexamining their prior rulings in a case on the basis of new information or argument, or just fresh thoughts.... No one will suggest that a judge himself may not change his mind and overrule his own order") (citations omitted). We also note that even orders which would otherwise constitute final judgments with respect to a single claim against a single party

are expressly made subject, in the context of a multi-claim or multi-party action, to the trial court's revisory power prior to final disposition of the entire case. *See* Super. Ct. Civ. R. 54(b) ("any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties ... *is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties") (emphasis added). Other types of nonfinal orders cannot be immune from that same revisory power.[7]

▉▉▉ In this case, neither party contends that the April order constituted the entry of a final, appealable judgment. That order did not speak in terms of a final judgment. It had not been reduced to a separate document and entered into the docket as required by Rule 58, nor does the established exception to this requirement apply.[8] Moreover, we observe that our rules preclude appeals from orders, such as the April order, granting motions for remittitur subject to plaintiff's consent. The time for noting an appeal of an order "conditioned on acceptance of a remittitur by any party ... shall

begin to run from the date on which a judgment based on acceptance of the remittitur is entered." D.C.App. R. 4(a)(2). The April order was interlocutory in nature, and hence not subject to Rule 59's restrictions. To be sure, the initial judgment entered on the jury verdict on March 1, 1994, was a final judgment, and the motion for a new trial or . remittitur was properly made under Rule 59. However, the consequence of the grant of that motion was to reopen matters and revive the interlocutory nature of the proceedings. The August order constituted the final decision, stating that "[j]udgment be and hereby is entered in the remitted amounts," and the parties have proceeded accordingly. Thus the trial court did have power to consider the motion to reconsider its April order, notwithstanding the failure to file the motion within ten days.

▉▉▉ We have said that litigants "are entitled to have the trial judge exercise ... discretion unfettered by erroneous legal thinking." *Wright v. United States,* 508 A.2d 915, 919 (D.C.1986). Therefore, unless on a particular record the trial judge would have "but one option," *id.* at 920, we must remand for reconsideration of the ruling under the

7. Neither party has suggested that the law of the case doctrine would preclude trial court reconsideration of its April order. Accordingly, we do not reach this issue, although we note that this court has questioned whether law of the case doctrine prevents a judge from reconsidering, in the same proceeding or stage of litigation, his or her own interlocutory order. *See Williams v. Board of Trustees of Mt. Jezreel Baptist Church,* 589 A.2d 901, 907 (D.C.1991); *Blyther, supra,* 661 A.2d at 662. *See also Langevine, supra,* 323 U.S.App. D.C. at 215, 106 F.3d at 1023 (noting that "[i]nterlocutory orders are not subject to the law of the case doctrine" and may therefore be reconsidered prior to final judgment). We have also indicated that certain types of rulings, such as a pretrial exclusionary ruling, may be beyond the trial court's ability to countermand. *See Jones v. United States,* 452 A.2d 1185, 1186 (D.C. 1982).

In any event, the trial court's broad discretion as manager of all aspects of the trial process, *see Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991), gives it ample authority to control any misuse of such motions, up to and including summary denial and the imposition of sanctions. *See, e.g.,* Super. Ct. Civ. R. 11. As we observed in *Mount Jezreel, supra,* "the efficient disposition of the case demands that each stage of the litigation build on

the last, and not afford an opportunity to reargue every previous ruling." 589 A.2d at 907. We speak here only of ultimate power and authority to rule on the merits.

8. Super. Ct. Civ. R. 58 requires that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Nonetheless, the federal courts have held that compliance with the identical federal rule is not an invariable prerequisite to appellate jurisdiction. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 382–83, 98 S.Ct. 1117, 1118–19, 55 L.Ed.2d 357 (1978) (per curiam); 12 Moore, *supra,* § 58.06. An appellate court will deem the parties to have waived the separate document requirement where (1) no party objects to the taking of the appeal in the absence of a separate judgment, and (2) it is clear that the trial court intended its action to be the final decision in the case. *Bankers Trust, supra,* 435 U.S. at 387–88, 98 S.Ct. at 1121–22. *See also* 12 Moore, *supra,* § 58.05 6[b] ("[I]f all parties and the court behave as if the order in question is final and appealable, an appellate court may properly take jurisdiction even if the judgment does not strictly comply with the separate document requirement.").

proper standard. *See id.* at 919–20. *See also Taylor v. United States*, 601 A.2d 1060, 1067 (D.C.1991); *Johnson v. United States*, 398 A.2d 354 (D.C.1979). We do so here.

■ We turn briefly to the motion for extensions of time to file for reconsideration and to exercise the election. With regard to the first request, while the trial court correctly observed that Rule 6(b) prohibits extensions for filing post-judgment motions pursuant to Rule 59, the latter rule, as already noted, was not implicated here. With regard to the second request, the trial court did not explain the reason for its denial. To the extent that it may have felt compelled to do so under Rules 6(b) and 59, as appears may have been the case, that would be er-

ror.[9] Those Rules create no barrier to the court's ability to grant additional time for plaintiff's election.[10] Since a remand is required in any event, this issue also may be revisited by the trial court.

The order appealed from is vacated and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

9. Appellees suggest that the motion was rendered moot by the fact that appellant did not exercise her option on June 5 but instead moved simply for reconsideration and thereby waived her right to elect. The trial court did not deny the request "as moot," and we take no position on this argument at this time.

10. We note that although the trial court chose to allot only ten days for plaintiff's decision, this period was entirely at the court's discretion. Orders granting remittitur may permit plaintiffs significantly more time to make these decisions, such as the thirty days in *Howard University v. Pobbi–Asamani*, 488 A.2d 1350, 1352 (D.C.1985).